ALBANY,
Jan. 1813.

AMORY
v.
FLYN.

the defendant himself. The suit was commenced on the 11th of *November*, and a penalty of above 30 dollars had accrued. The justice charged the jury, that the plaintiff might waive the whole penalty, and recover only what he demanded, which was 25 dollars. The jury found a verdict for the defendant.

## AMORY *against* FLYN.

*Trover* lies for wild geese, which have been tamed, and have strayed away, but without regaining their natural liberty; and the person finding the geese has no right to pawn them, or to insist upon a *reward* from the owner. The finder is entitled only to be reimbursed the necessary expense he has actually been put to in keeping the property.

IN ERROR, on *certiorari*, from a justice's court. *Amory* brought an action of *trover* against *Flyn*, before the justice, for two *geese*. There was a trial by jury. The plaintiff proved a demand of the geese, and a refusal by the defendant, unless the plaintiff would first pay 25 cents, for liquor furnished to two men who had caught the geese, and pledged them to the defendant for it. The geese were of the wild kind, but were so tame as to eat out of the hand. They had strayed away twice before, and did not return until brought back. The plaintiff proved property in them; and that after the geese had left his premises, the son of the defendant was seen pursuing them with dogs, and was informed that they belonged to the plaintiff. The jury found a verdict for the defendant, on which the justice gave judgment.

*Per Curiam.* The geese ought to have been considered as reclaimed, so as to be the subject of property. Their identity was ascertained; they were tame and gentle, and had lost the power, or disposition, to fly away. They had been frightened and chased by the defendant's son, with the knowledge that they belonged to the plaintiff, and the case affords no colour for the inference that the geese had regained their natural liberty as

wild fowl, and that the property in them had ceased. The defendant did not consider them in that light, for he held them in consequence of the *lien* which he supposed he had acquired by the pledge. This claim was not well founded, for he showed no right in the persons who pawned them for the liquor so to pawn them, and he took them at his peril. Here was clearly an invasion of private right. If the person who took the geese, or who had kept them, had been put to necessary expense, in securing them, such expense ought to have been refunded; but no such expense was shown, or pretended, and to sanction such a a pawn as this would lead to abuse and fraud. A person who takes up an *estray*, cannot levy a tax upon it, but by way of amends, or indemnity. This is the doctrine of the common law; (1 *Roll. Abr.* 879. c. 5. *Noy's Rep.* 144. *Salk.* 686.) and the *Roman* lawyers equally denied to the finder of any lost property a *reward* for finding it; *non probe petat aliquid*, says the *Digest.* (*Dig.* 47. 2. 43. 9.) And, indeed, the civil law (*ibid.* s. 4.) considered it as theft to convert to one's use, *animo lucrandi*, property found, without endeavours to find the owners, or without intention to restore it. But theft was not always considered, in that law, in the very odious sense of our common law; for as to the class of thefts, denominated thefts *not manifest*, and of which this was one, that law provided only a civil remedy of double damages. *A. Gellius*, (*Noct. Att.* lib. 11. c. 18.) who cites the very passage in the civil law which declares such conduct theft, gives that appellation to many acts which our law does, and ought to regard as trespasses merely; such, for instance, as ouster of possession of land. But taking the civil law in the milder sense, it sufficiently shows what was considered, in the wisdom of the ancients, as right and duty, in this case. The practice of mankind is apt to be too lax on this subject; and when occasion offers, courts ought to lay down and enforce the just and benevolent lesson of morality and law.

The verdict, in this case, being against law and evidence, cannot be supported.

Judgment reversed.