WILLIAM WATTS *et al.*, Plaintiffs in Error, *v.* ISAAC WARD, Defendant in Error.

*Error to Washington.*

1. The finder of lost property is not entitled to a reward for finding it, if there be no promise of such reward by the owner.
2. The finder of lost property cannot use it without the knowledge or consent of the owner to remunerate himself for the trouble and expense of finding and taking care of it.

THE parties emigrated to Oregon, in 1852.   Ward lost two horses in the Indian country, and plaintiff in error found and recognised them as belonging to plaintiff.   They took the horses to bring and deliver, as they said, to Ward, when he should pay them for their trouble, but used them on the road for driving cattle, hunting buffalo, &c.   They also permitted another emigrant to use one of the horses two months.   One of the horses died on the journey, and the other in the following winter.   The testimony differed as to whether the horses died from hard usage or sickness ; but both died in

Watts *v.* Ward.

possession of plaintiffs in error. The court instructed the jury, in substance, that the defendants had a right to take up the horses, and use them as much as was necessary and proper to bring them to plaintiff, but had no right to use them for their own benefit, or for purposes other than the bringing of them to the owner. Verdict and judgment for Ward, for $160.

*M. Chinn*, for plaintiffs in error.

*Jas. McCabe*, for defendant in error.

WILLIAMS, C. J. The instruction of the court, it is said, was erroneous. No doctrine is better settled at common law than that the finder of lost property is not entitled to a reward for finding it, if there be no promise of such reward by the owner. (*Brinstead* v. *Buck*, 2 *Bl. R.* 1117; *Nicholson* v. *Chapman*, 2 *H. Bl. R.* 254; 2 *Kent's Com.* 356; 5 *Met.* 352.) Some of the authorities maintain that the finder of lost property is entitled to recover from the owner thereof his necessary and reasonable expenses in the finding and restoration of said property. (*Amory* v. *Flinn*, 10 *Johns.* 102; 2 *Kent's Com.* 356.) Other authorities seem to take the ground that the finder has no legal right to any thing from the owner for his trouble and expense in finding lost property. *Brinstead* v. *Buck*, *Nicholson* v. *Chapman*, before cited, appear to stand upon this principle. Chief-Justice Eyre, speaking upon this subject in the latter case, says, " Perhaps it is better for the public that these voluntary acts of benevolence from one man to another, which are charities and moral duties, but not legal duties, should depend altogether for their reward upon the moral duty of gratitude." Chief-Justice Shaw, in *Wentworth* v. *Day*, 5 *Met.* 352, says that " the finder of lost property on land has no right of salvage at common law." Where one person gratuitously performs an act of kindness for another, the law, as a general rule, does not recognise the right to a compensation for such act.

In the case of *Holmes* v. *Tremper*, 20 *Johns. R. 28*, it was held that the plaintiff was not entitled to any recompense for services rendered in saving defendant's property from fire, because such services were entirely voluntary, and without any express or implied promise on the part of defendant to pay for them. No person is bound in law to take trouble with property which he finds; and if, without any knowledge of the owner's wishes, he does incur expense on account of such property, does he not in so doing trust the liberality of the owner rather than the force of law, for it may be that such owner did not desire to have his property disturbed, or if lost, preferred to find it himself. Much of the stock in this country is permitted to run at large; and if every animal lost, or appearing to be lost, can be taken up, and the owner thereof legally charged for all trouble and expense thereby incurred, the business of finding cattle would certainly become profitable, and persons might be largely involved in debt without their knowledge or consent. Where a reward is offered for lost property, the finder, when he complies with the terms of the offer, has a right to retain the property in his hands until the promised reward is paid to him. (*Wentworth* v. *Day*, & *Met*. 352.) Persons are apt to offer a reward if they wish to pay for the finding of lost property. All the authorities make a difference between the finding of property lost at sea and the finding of property lost on land. Commercial policy allows salvage in the one case, because there is peril in the finding, and immediate destruction threatens the property; in the other case there is no peril, and generally no danger that the property will be destroyed. But if it be admitted that the owner of lost property is bound to remunerate the finder for his trouble and expense in the finding, it is certain that such finder cannot pay himself as he goes along by using the property for that purpose. He cannot be permitted to judge as to how much his demand for trouble and expense shall be, and then as to how much he ought to use the property to satisfy such demand. The owner has rights in these matters, and must be consulted.

Let the property, when found, be returned to the owner, and then the amount and mode of compensation, if any, can be determined. Plaintiffs in this case having treated and used the horses as their own, for their own benefit and gain, defendant had a right to charge them with a conversion of the property, and maintain his suit for its value.

Judgment affirmed.