## Ruth M. Preston *vs.* Jonathan C. Neale.

The want of a bill of particulars under the common counts cannot be objected to by the defendant after the trial has begun.

In the absence of any agreement, a landlord, not an innkeeper, has no lien on chattels left by an outgoing tenant; yet is entitled to a reasonable compensation for storing them until demanded, but not afterwards.

Action of contract on two counts: 1st. For use and occupation of certain rooms; 2d. Upon an account annexed, which included a charge for storage of certain goods.

At the trial in the superior court of Suffolk, before *Huntington*, J., after the case was opened to the jury, the defendant moved to strike out the first count, because the plaintiff had filed no bill of particulars. But the judge overruled the motion.

It appeared that both counts were for the same cause of action; that when the defendant quitted the premises hired of the plaintiff, he left there two or three trunks and a stove, which were in the plaintiff's way, and she was obliged to remove them from one place to another, until the time of bringing this action. The defendant offered evidence tending to show a demand upon the plaintiff for said goods some time after he left the premises, and contended that the plaintiff had no lien for storage, and therefore could not recover for storing the goods, after such demand. But the judge instructed the jury that the plaintiff had a lien upon said goods for storage, and that as the demand had not been accompanied with any offer or tender of payment therefor, she could recover a reasonable compensation for subsequent storage, if the jury found that she had furnished it. The plaintiff did not claim a lien by

**virtue** of any special agreement, or as an innkeeper or keeper of a warehouse. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. S. Dame*, for the defendant.

*H. D. Hutchinson*, for the plaintiff, cited Story on Agency, § 358 ; Yelv. (Amer. ed.) 67, note ; 2 Kent Com. (6th ed.) 590, 591 ; 2 Bell Com. (4th ed.) 112, 113 ; *Oakes* v. *Moore*, 24 Maine, 219 ; *Schmidt* v. *Blood*, 9 Wend. 268.

METCALF, J. The exception to the judge's refusal to strike out the first count, for want of a bill of particulars, is overruled. The defendant's proper course was either to move the court to order such a bill to be filed, or to demur to the count. *St.* 1852, *c.* 312, §§ 4, 21. By going to trial, without objecting to the want of such bill, he waived his right to have it filed.

The exception to the ruling, that the plaintiff had a lien on the trunks and stove left in her house by the defendant, is sustained. It is not shown nor alleged that these things were left in her house with her consent. She therefore became an involuntary depositary of them. And we are of opinion that the law which is applied to cases of deposits by the finding of goods lost on land, and deposits of property made by the force of winds or floods, (which Judge Story terms involuntary deposits,) is to be applied to this case. In those cases the law gives no lien to the depositary for his care and expense in the keeping and preservation of the property. Story on Bailments, §§ 44 *a*, 83 *a*, 121 *a*. 3 Steph. N. P. 2690. *Amory* v. *Flyn*, 10 Johns. 102. Yet if the loser offer a certain sum as a reward to him who will restore the property, a lien thereon is thereby created, to the extent of the reward so offered. *Wentworth* v. *Day*, 3 Met. 352. *Wilson* v. *Guyton*, 8 Gill, 213.

Although, in cases of the deposits above mentioned, the depositaries have no lien on the property, yet we are of opinion that they are legally entitled to compensation for the care and expense of keeping and preserving it. Mr. Dane doubted this. 2 Dane Ab. 270. But in the section last above cited from Story on Bailments, it is said of these deposits, that "the question may arise as to the right of the depositary to be paid his

necessary and reasonable expenses for preserving and keeping the property. It is certain that at the common law he has no lien therefor; but the just doctrine seems to be, although perhaps there is no direct and positive adjudication, that the depositary may rightfully claim and recover such expenses in an action." In *Nicholson* v. *Chapman*, 2 H. Bl. 258, Chief Justice Eyre said, " a court of justice would go as far as it could go, towards enforcing payment." See also Addison on Con. (2d ed.) 444; 2 Kent Com. (6th ed.) 636; *Reeder* v. *Anderson*, 4 Dana, 193; *Baker* v. *Hoag*, 3 Barb. 208. There is also an ancient authority on this point, to wit, Doctor and Student, *c.* 51, where is this passage : " Though a man waive the possession of his goods and saith he forsaketh them, yet by the law of the realm the property remaineth still in him, and he may seize them after when he will. And if any man in the mean time put the goods in safeguard to the use of the owner, I think he doth lawfully, and that he shall be allowed for his reasonable expenses in that behalf, as he shall be of goods found ; but he shall have no property in them, no more than in goods found."

In the present case, which we hold to be, in its legal incidents, like deposits by finding, or made by winds or floods, we think the plaintiff is entitled to recover for storage of the trunks and stove, from the time when they were left in her house, until the time when the defendant made a demand on her for them. But as she, having no lien on them, wrongfully withheld them from the defendant, on his demand, she is not entitled to compensation for subsequent storage during such unlawful detention. And as the jury were instructed that the plaintiff was entitled to recover compensation for storage after the demand made of the goods by the defendant, we grant a new trial.

*Exceptions sustained.*