### GEORGE H. CHASE *vs.* JAMES CORCORAN.

In an action by the finder of lost property for expenses incurred in its preservation, evidence of what, when he found the property, he thought it was worth, after he has testified, without objection, to what it was worth, is immaterial.

The owner of a boat, who has taken it from a person who found it adrift on tide water and brought it to shore, is liable to him for the necessary expenses of preserving the boat while it remained in his possession.

GRAY, J. The evidence introduced at the trial tended to prove the following facts: The plaintiff, while engaged with his

own boats in the Mystic River, within the ebb and flow of the tide, found the defendant's boat adrift, with holes in the bottom and the keel nearly demolished, and in danger of sinki g or being crushed between the plaintiff's boats and the piles of a bridge, unless the plaintiff had saved it. The plaintiff secured the boat, attached a rope to it, towed it ashore, fastened it to a post, and, after putting up notices in public places in the nearest town, and making other inquiries, and no owner appearing, took it to his own barn, stowed it there for two winters, and during the intervening summer made repairs (which were necessary to preserve the boat) and for its better preservation put it in the water, fastened to a wharf, and directed the wharfinger to deliver it to any one who should prove ownership and pay the plaintiff's expenses about it. The defendant afterwards claimed the boat; the plaintiff refused to deliver it unless the defendant paid him the expenses of taking care of it; and the defendant then took the boat by a writ of replevin, without paying the plaintiff anything. This action is brought to recover money paid by the plaintiff for moving and repairing the boat, and compensation for his own care and trouble in keeping and repairing the same, amounting to twenty-six dollars in all.

The plaintiff testified, without objection, that the boat, when found by him, was worth five dollars. He was then asked by his counsel, what, when he found it, he considered it worth. This evidence was properly rejected as immaterial.

The plaintiff requested the chief justice of the superior court to rule that the boat was not lost goods, within the sense of the Gen. Sts. *c.* 79. But the learned judge refused so to rule, and ruled that upon all the evidence the plaintiff could not maintain his action, and directed a verdict for the defendant. We are of opinion that this was erroneous.

There is no statute of the Commonwealth applicable to this case. Chapter 78 of the Gen. Sts., concerning " timber afloat or cast on shore," is expressly limited in all its provisions to " logs, masts, spars or other timber," and does not include boats or vessels. Chapter 79, relating to " lost money or goods," and " stray beasts," found in any town or city, clearly applies to lost

property found on land only, and not to property afloat on tide waters, without the limits of any city or town, and within the admiralty jurisdiction of the United States. 3 Dane Ab. 135. Chapter 81 is " of wrecks and shipwrecked goods." These words, in their ordinary legal meaning, are confined to ships and goods cast on shore by the sea, and cannot be extended to a boat or other property afloat, not appearing to have been ever cast ashore, or thrown overboard or lost from a vessel in distress. Hale De Jure Maris, *c.* 7 ; 1 Hargr. Law Tracts, 37. 3 Dane Ab. 133. *Sheppard* v. *Gosnold*, Vaugh. 159, 168. *Palmer* v. *Rouse*, 3 H. & N. 505. *Baker* v. *Hoag*, 3 Selden, 555, 558.

The claim of the plaintiff is therefore to be regulated by the common law. It is not a claim for salvage for saving the boat when adrift and in danger on tide water; and does not present the question whether the plaintiff had any lien upon the boat, or could recover for salvage services in an action at common law. His claim is for the reasonable expenses of keeping and repairing the boat after he had brought it to the shore ; and the single question is, whether a promise is to be implied by law from the owner of a boat, upon taking it from a person who has found it adrift on tide water and brought it ashore, to pay him for the necessary expenses of preserving the boat while in his possession. We are of opinion that such a promise is to be implied. The plaintiff, as the finder of the boat, had the lawful possession of it, and the right to do what was necessary for its preservation. Whatever might have been the liability of the owner if he had chosen to let the finder retain the boat, by taking it from him he made himself liable to pay the reasonable expenses incurred in keeping and repairing it. *Nicholson* v. *Chapman*, 2 H. Bl. 254, 258 and note. *Amory* v. *Flyn*, 10 Johns. 102. *Tome* v. *Four Cribs of Lumber*, Taney, 533, 547. 3 Dane Ab. 143. Story on Bailments, §§ 121 *a*, 621 *a*. 2 Kent Com. (6th ed.) 356. 1 Domat, pt. 1, lib. 2, tit. 9, art. 2. Doct. & Stud. *c.* 51. *Preston* v. *Neale*, 12 Gray, 222.           *Exceptions sustained.*

*A. V. Lynde & C. Abbott*, (*E. W. Sanborn* with them,) for the plaintiff.

No counsel appeared for the defendant.