## Saxton *v.* Gemehl, Appellant.

*Bailments—Bailor and bailee—Liens—Replevin.*

An automobile dealer who carries on a business of receiving, storing and repairing automobiles, for the purpose of selling them as agent of their owners, is a bailee for hire and is entitled to compensation for taking care of the property of the bailors; as such he has a lien for storage charges, accruing while the cars are in his possession.

There is nothing antagonistic or inconsistent in the claim for compensation for storage charges, and the assertion of a lien therefor, with the additional right to a lien for amounts due for repairs.

178        SAXTON *v.* GEMEHL, Appellant.

Argued Nov. 13, 1918.   Appeal, No. 149, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia Co., May T., 1917, No. 610, for plaintiff in case tried by the court without a jury in suit of Edmund F. Saxton v. Camille Gemehl, trading as American Garage & Machine Shop.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ.   Reversed.

Replevin for automobile.   Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff.   Defendant appealed.

*Error assigned,* among others, was refusal to grant a new trial and refusal of defendant's motion for judgment n. o. v.

*Irwin L. Sessler,* for appellant.—The defendant had common law liens, both for repairs and storage: Pierce v. Sweet, 33 Pa. 151; Hoover v. Epler, 52 Pa. 522; Mathias v. Sellers, 86 Pa. 486; Brown v. Dempsey, 95 Pa. 243; Steinman v. Wilkins, 7 W. & S. 466.

*John G. Kaufman,* for appellee, filed no printed brief.

OPINION BY PORTER, J., July 17, 1919:

This is an action of replevin for an automobile, which was delivered by the sheriff to the plaintiff, the defendant having elected not to file a counter bond.   The defendant filed an answer admitting that the plaintiff was the owner of the automobile, but averring that the plaintiff had delivered the car to defendant under a bailment for storage, to be charged at the usual rates made by the defendant, which the plaintiff had agreed to pay and that during the period that the car remained in storage the defendant had at the request of the plaintiff made repairs upon the car for which the reasonable charge was $92.63.   The

177, (1919).]          Opinion of the Court.

answer alleged that the defendant had a lien upon the car for the amount of the charges for storage and repairs, which aggregated $248.30, which amount he asserted a right to recover. The parties went to trial without further pleadings upon the issue thus made. The case was tried in the court below by a judge without a jury. It appeared in evidence upon the trial that the car had been delivered by the plaintiff to the defendant under a bailment for storage and it had remained in the independent and exclusive possession of the defendant for a period of about fifteen months, during which time certain repairs had been made upon the car by the defendant at the request of the plaintiff; these facts were undisputed. The questions of fact with regard to which there was any dispute were: (1) Was the plaintiff to pay for storage of the car, and, if so, what amount? And (2) Was the plaintiff to pay for the repairs made upon the car? The learned judge who tried the case found in favor of the defendant on both of these questions, finding that under. the evidence storage charges upon the car had accrued to the defendant and that the plaintiff had authorized the repairs upon the car to be performed and agreed to pay for them, but he failed to find the amount of the charges for. storage and for repairs to which the defendant was entitled. This oversight was undoubtedly due to the conclusion of the judge that as a matter of law the defendant was not entitled to recover any charges. The court below held, as matter of law, that a bailee of property for purposes of storage is not entitled to a lien upon the property for the charge for storage accruing while in his possession. The court further held that this defendant was entitled to a lien upon the car for the value of the repairs which had been made upon it, but that he had lost his lien for repairs, for the reason that he had, in connection with his assertion of a right to a lien for said repairs, also asserted a lien for the charge for storage. The learned judge expressed his reluctance to enter a judgment in

favor of the plaintiff, but felt constrained to do so, as matter of law.   The defendant appeals.

The evidence established that this defendant carried on as a regular business the receiving, storing and repairing of automobiles, which the owners were desirous of selling.   The cars were in the independent and exclusive possession of the defendant, as a bailee for hire.   When this plaintiff desired to have a prospective purchaser see his car tested, the car was taken out by and remained under the control of the agent of the defendant.   The relation in which this defendant stood to the cars of the bailors, his customers, was wholly distinct from that of the ordinary keeper of a garage who takes care of the cars of his customers but does not have an independent and exclusive possession thereof.   The relation between the plaintiff and the defendant, so far as this car was concerned, was that of bailor and bailee.   It was a bailment for hire, the bailee being entitled to receive compensation for taking care of the property.   There is nothing to distinguish this case, upon principal, from that of a depositor and a warehouseman.   The learned judge of the court below seems to have been of opinion that the common law gave no lien to a bailee unless his services added to the value of the subject-matter of the bailment, and that, therefore, a bailee for purposes of storage of property was not entitled to a lien thereon for the amount of the storage charges.   There was a time, early in the history of the common law, when the courts held that in order to entitle a bailee of property to a lien thereon his services must have been of such a character as to add to the value of the property.   It was also at one time held that it was only a bailee who exercised a public employment and was compelled to receive the goods of all who might offer who was entitled to a lien upon the property for the work which he did upon or in connection with it.   But the courts at an early date evinced a disposition to escape from the narrow confines of the earlier precedents, and it is very clear that the earlier decisions of the English

177, (1919).]          Opinion of the Court.

courts have never been accepted as interpretations of the common law of Pennsylvania. It had been held in England that the agistment of cattle gave no lien, but the contrary has been directly ruled in Pennsylvania: Yearsley v. Gray, 140 Pa. 238. Other cases in which it has been held that it is not necessary in order to constitute a valid lien that the services of the bailee shall add to the value of the property are numerous: Hoover v. Epler, 52 Pa. 522; Rodgers v. Grothe, 58 Pa. 414. It might be interesting to discuss the modern decisions upon the subject but that would involve an unnecessary extension of this opinion. The principles upon which the doctrine of lien rests were fully discussed and the more liberal trend of the decisions down to that date commented upon by Chief Justice GIBSON, in Steinman v. Wilkins, 7 W. & S. 466, in which it was held that a warehouseman has a specific lien upon the goods received by him for the price chargeable for the storage thereof. That case cannot be distinguished upon principle from the present one, and we are of opinion that this defendant was entitled to a lien upon the car in the amount of the charges for storage which had accrued down to the time it was taken from his possession under the writ of replevin issued by the plaintiff. There is no doubt that the court below was correct in holding that the defendant had a lien for the value of the repairs which he had made upon the car by direction of the plaintiff. Even if it were held that the defendant did not have a lien for the storage charges, his assertion of a right of lien for such charges would not defeat his admittedly valid claim of lien for repairs. There was nothing antagonistic or inconsistent in the claims which he presented. The plaintiff had notice of both claims by the pleadings. The case was totally different, under our Replevin Act, from that of an assertion in the pleadings of an absolute ownership of the goods and an attempt at the trial to prove a special property or right of lien. If the right of the plaintiff to maintain the action before making a tender of the amount of the lien had been in-

volved in this case, it might have been proper to hold that, if it clearly appeared that the defendant had refused to deliver the goods unless paid an amount greater than he was entitled to demand, that he could not raise the question of the right of the plaintiff to maintain the action before making a tender, but even then, if he had given a property bond and retained the goods, he would have been entitled to recoup the actual amount of his lien from the damages which the plaintiff would have been entitled to recover: Macky v. Dillinger, 73 Pa. 85. That question did not arise in this case, this defendant did not give a property bond and retain the goods. The plaintiff has the goods and the defendant is entitled to a judgment for the amount of any lien which he had thereon. The fact that the court below did not find the amount of the storage charges and repairs renders it necessary to send the case back in order that the amount of the lien of the defendant upon the goods may be ascertained.

The judgment is reversed and the record is remitted for further proceedings.