# Renner, Appellant, v. Stephens.

*Replevin—Bailments—Sale by bailee—Right to recovery by bailor—Case for jury.*

In an action of replevin to recover an automobile, the case is for the jury, where the plaintiff has filed his statement averring ownership and the defendant, having retained the machine and given a bond, has filed an affidavit of defense alleging that he purchased the car from the plaintiff's bailee, after the plaintiff had refused to pay a repair bill for which the bailee had a lien.

In such case, an issue was raised for the jury, and it was error to quash the writ of replevin on the ground that the defendant was the bailee's substitute and entitled to all his rights, including the lien for repairs.

The plaintiff having filed his declaration and the defendant his affidavit of defense, the case was for trial on the issue so raised, in accordance with the provisions of the Replevin Act.

Argued April 12, 1921. Appeal, No. 88, April T., 1921, by plaintiff, from judgment of C. P. Greene County, Dec. T., 1918, No. 76, quashing writ of replevin in the case of John Renner v. James Stephens. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Replevin for automobile. Before RAY, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial, after the plaintiff had presented his case, the defendant moved to quash the writ and the court sustained the motion of the defendant in the following opinion:

590, (1921).] Statement of Facts—Opinion of the Court.

"As the record in this case stands at the present time the court is of opinion that the plaintiff is not entitled to recover in this action. Although he is of the opinion that the title to the property still remains in the plaintiff as it was prior to the sale made by the bailee, Staggers, October 22, 1918, that the title still remains in the plaintiff in this case subject to the same conditions that it was in prior to the sale of the automobile of the defendant.

"And further it is the court's opinion that the plaintiff is not entitled to recover in this case under the Act of 1863 or under the Act of 1901. In the court's opinion the sale of the automobile by Staggers to the present defendant in this case was simply a substitution; that the ownership of the car still remains in the plaintiff subject to the same conditions it was in while it still remained in the custody of Staggers the bailee. And for these reasons the court sustains the motion to quash the writ in this case."

Plaintiff appealed.

*Error assigned* was the order of the court.

*Charles W. Waychoff,* for appellant.

*Andrew A. Purman,* for appellee.

Opinion by Linn, J., July 14, 1921:

This is an appeal from an order quashing a writ of replevin at the conclusion of plaintiff's case during a trial on the merits. Appellant brought replevin for a car, averring title and right of possession in him and its unlawful detention by defendant. Defendant filed a counter-bond and an affidavit of defense denying plaintiff's title and averring title in himself by purchase from one Staggers. The parties went to trial on the issue so made. Appellant showed that he had purchased the car from one Hart and had delivered it to Staggers for repair;

that Staggers had repaired it and had demanded repair charges so excessive that appellant had refused to pay them; that Staggers without notice had then sold and delivered the car at private sale to defendant who paid the amount of the repair bill and who knew when he bought it that "it was John Renner's car." At the conclusion of plaintiff's evidence, the court granted a motion made by defendant's counsel "to quash the writ," saying, "In the court's opinion the sale of the automobile by Staggers to the present defendant in this case was simply a substitution; that the ownership of the car still remains in the plaintiff subject to the same conditions it was while it still remained in the custody of Staggers the bailee. And for these reasons the court sustained the motion to quash the writ in this case."

We cannot sustain the order. There is no authority to quash the writ in such circumstances; plaintiff had complied with the Act of April 19, 1901, P. L. 88, in obtaining the writ; it was duly served; defendant filed a counterbond and retained the car; plaintiff filed his declaration and defendant his affidavit of defense; the evidence was heard on the trial of the issue so raised in accord with the provisions of the Replevin Act: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463, 467. That issue should have been tried. Staggers of course had a lien for repairs: Saxton v. Gemehl, 72 Pa. Superior Ct. 177, and if the lien is in the case, as to which we need now express no opinion, section 6 of the Replevin Act provides what may be done: Young v. Couche, 52 Pa. Superior Ct. 592, 596.

The judgment is reversed and a new trial awarded.