## Keystone Service, Inc., v. Smith, trading as C. T. Garage.

*Henry Arronson* and *Simon Pearl*, for plaintiff.
*Ward C. Henry*, for defendant.

LEWIS, J., Dec. 24, 1930.—This is an action for the recovery by the plaintiff of its Hupmobile automobile, which the sheriff found in the possession of the defendant, a garage keeper. The declaration is in the usual form, averring, in substance, the ownership by the plaintiff of the automobile in question and the detention thereof by the defendant. The amended affidavit of defense pleads a seizure of the automobile by "some of the members of the police force" of the City of Philadelphia, acting under the alleged authority of a city ordinance "duly passed by the council of said city and approved by the mayor

of said city on Sept. 15, 1929;" that the automobile was delivered by the police department to the defendant and that "the removal of said motor vehicle, as aforesaid, was legal and proper, as said motor vehicle was parked on one of the streets of the City of Philadelphia, to wit, 4th Street, in violation of the laws of the Commonwealth of Pennsylvania and the ordinances of the City of Philadelphia." Defendant further avers that he detained the motor vehicle by reason of the failure of the plaintiff to present to him an order for delivery thereof, signed by the police authorities, and for the further reason that "plaintiff refused to pay the fair and reasonable charge for the storage of the said automobile, for which defendant had a lien against said motor vehicle under the law."

It is to be noted preliminarily that the form of the pleading of the defendant is in violation of our Rule 15 (c), which rule is as follows:

"In all actions of replevin in which the defendant does not claim ownership of the property replevied but claims a lien upon the property or a right therein under distraint for rent, the defendant shall assert such claim in his affidavit of defense, in like manner and form as is required for counterclaims in actions of assumpsit under the Practice Act; and thereafter the same practice and procedure shall be had as in such actions, and judgment may be entered against the plaintiff for want of a reply or for an insufficient reply, as the case may require."

This rule is identical in its language with Rule 68 of the Courts of Common Pleas Rules, which latter rule was sustained and discussed in Jackson v. Blair, Inc., 9 D. & C. 17.

The affidavit of defense denies in general terms the ownership of the vehicle by the plaintiff and demands formal proof thereof. Such a general denial is, of course, insufficient: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

The plea in the affidavit of defense that plaintiff violated "the laws of the Commonwealth of Pennsylvania and the ordinances of the City of Philadelphia" is likewise defective. The terms of a city ordinance must be averred like any other matter of fact and they must be fully set forth, so that the court may decide upon its effect and application in any proceeding. In pleading the provisions of an ordinance, it has been held necessary that they be set up in hæc verba: Wilburn v. Derry Borough, 36 Pa. C. C. Reps. 92.

"In pleading the provisions of an ordinance, it is of course sufficient to set them out in hæc verba, and in a few decisions this has been held necessary [Wilburn v. Derry Borough, 36 Pa. C. C. Reps. 92]. . . . In the absence of some statute providing otherwise, the provisions of the ordinance relied on must be set out either in totidem verbis or in substance. . . . A mere reference to the number of the ordinance or a reference to the number of the ordinance and the assertion of its adoption on a certain date is insufficient:" 43 Corpus Juris, 578.

The defendant has not sought to have the police authorities or the Department of Public Safety joined as parties defendant. The question must, therefore, be disposed of as one arising simply between the plaintiff, the owner of the automobile, and the garage keeper, and that question, as raised by this rule for judgment for want of a sufficient amended affidavit of defense, may be summarized as follows: Does a garage keeper, who, upon the order of a city policeman, receives and keeps an automobile in storage, have any claim against the owner or a lien upon the automobile for his storage charges? We do not think it necessary to discuss the effect of the ordinance of the City of Philadelphia, commonly known as the "towing ordinance," passed by the city council and approved by the mayor on Nov. 15, 1929. It has not been properly pleaded or set forth by the defendant and, therefore, cannot be considered by

the court. Assuming that the ordinance had been properly pleaded, there is nothing contained in the amended affidavit of defense from which a conclusion may be drawn that the acts prohibited in the ordinance were committed by the defendant. The sufficiency of an affidavit of defense in an action of replevin must be determined by the same rules that control in other cases where like affidavits are required. It should state frankly and fairly the facts that support the defense, not mere legal conclusions or inferences drawn from the instrument. Neither are facts set forth from which the conclusion can be drawn that the automobile in question is *in custodia legis*. The defendant in this case is asserting a lien in his own right. No attempt is made, even if this were legally possible, to assert a lien or a claim for and on behalf of the police authorities of the City of Philadelphia.

Is the defendant justified in asserting an alleged lien on the plaintiff's automobile for storage charges? Our attention has not been directed to any express statute creating such a lien; no contract or agreement between the parties giving such a lien is asserted, and no reference to any legislation giving the defendant a right to assert a lien for storing or safely keeping an automobile when the same was not placed in his custody by and with the consent of the owner thereof has been pointed out to us. An examination of the authorities in the case, so far as we have been able to ascertain, reveals that the weight of opinion is that in the absence of an express statute creating such a lien or in the absence of a contract or agreement between the owner or his authorized agent and the garage keeper, the latter may not assert a lien for storing or safely keeping an automobile: Nicolette Lumber Co. *v.* Coal Co., 213 Pa. 379; Travelers Hotel Co. *v.* Yorke, 11 D. & C. 370; Saxton *v.* Gemehl, 72 Pa. Superior Ct. 177; Mitchell *v.* Standard Repair Co., 275 Pa. 328; Pollard *v.* Borneman, 47 S. D. 622; Lewis *v.* Best-By-Test Garage, 200 Iowa, 1051.

In Pollard *v.* Borneman, *supra*, a federal prohibition officer took an automobile from the owner and stored it in a garage for safe-keeping. The owner of the car demanded the same from the garage owner, who refused to deliver it without a claim check issued to the officer and in addition upon payment of the costs for storing. The owner of the car refused to comply with the demand and brought an action in replevin to recover his automobile. The court held that the garage owner acquired no valid claim against the car as against the owner thereof, and that he had no right to hold the car although the owner could not and did not present the claim check issued by the garage owner.

In our state a lien upon any goods for storage charges extends only to cases of those engaged in the business of public warehousemen. In the absence of an express contract providing for a lien for storage of automobiles, an owner of a garage does not have a right to such a lien: Mitchell *v.* Standard Repair Co., *supra;* Saxton *v.* Gemehl, *supra.* Owners of garages cannot ordinarily claim under the statute relating to warehousemen: Berry on Automobiles, § 1455.

An almost identically similar situation arose in the case of Burns Motor Co. *v.* Briggs, 27 Ohio App. 80. In that case a police officer in charge of traffic called the defendant garage company to take a car parked in violation of a legal ordinance off the street. The car was brought into the defendant's garage and upon demand for its redelivery to the owner the defendant refused to surrender it unless the plaintiff paid the storage and towage charges fixed by the defendant. The court found for the plaintiff, holding that there was no statutory authorization for the assertion of a storage lien upon automo-

biles, and that under the circumstances the plaintiff was not bound to pay the storage and towage charges. In its opinion, the court uses the following language:

"The car was not placed in storage by the plaintiff nor by any one authorized to act for him. The police officers were not his agents and they were not acting in accordance with the terms of any state law or city ordinance and did not have authority to place or order the car to be placed in the garage of the defendant so as to bind him for the storage and towing charges. There being no contract, express or implied, existing between the plaintiff and the defendant by which the plaintiff placed the car in storage and agreed to pay the defendant therefor, the defendant in law does not have a claim against the plaintiff nor a lien upon the automobile. See Whitlock Machine Co. v. Holway, 92 Me. 414, 42 Atl. Repr. 799; Lewis v. Gray, 109 Me. 128, 83 Atl. Repr. 1; Preston v. Neale, 78 Mass. (12 Gray) 222; Coverlee v. Warner, 19 Ohio, 29, 34; Swan's Treatise (26th ed.), page 593; 17 Ruling Case Law, § 11, page 603. If it be claimed that the car was lost property, and that the finder is entitled to be indemnified by the owner for his necessary and reasonable expense, as distinguished from a lien, of course the defendant would not be entitled to recover its claim from the plaintiff, as the car was placed in storage by the finder, and such claim, if any exists, would be based upon an implied contract against the finder, and not against the true owner, to pay for the storage."

In our case the amended affidavit of defense avers no facts disclosing a right to the possession of the automobile superior to that of the plaintiff. Under the facts pleaded, plaintiff was under no obligation to pay the storage charges of the defendant or to deliver any order for the car to the defendant as a condition precedent to the return of his own property. He did not place his car in defendant's garage, nor did he assume any liability for its storage.

In Rickenberg v. Capitol Garage, 249 Pac. Repr. 121, a police officer arrested a person for driving an automobile while intoxicated, in violation of a city ordinance, and delivered his car to a garage man for storage. In an action brought by the owner of the automobile to recover possession thereof, it was held that the garage man did not have any lien for the storage charges.

In holding that neither the courts nor the municipal authorities can create liens in favor of third persons for storing property seized by the police authorities without express authority from the legislature so to do, we do not want to be understood as deciding that the Department of Public Safety or the Bureau of Police may not collect from the owner the reasonable cost of keeping an automobile for the time is is necessary for it to retain the same, assuming a violation of the so-called towing ordinance; nor do we intend here to rule upon the validity of that ordinance or the enforceability of the penalties provided therein. We merely determine from the pleadings that defendant has disclosed no legal right to withhold the automobile from the plaintiff. His remedy, if any, is against the Department of Public Safety or the Bureau of Police to recover his storage charges.

And now, Dec. 24, 1930, the rule entered on the defendant to show cause why judgment in replevin, for one Hupmobile sedan, model 1928, serial A-78937, motor 79630, should not be entered in favor of the plaintiff for want of a sufficient amended and substituted affidavit of defense is made absolute, without prejudice to the plaintiff's right to proceed for the balance of his claim.