## Eways v. Craumer

*Harvey F. Heinly,* for plaintiff.

*Mark C. McQuillen* and *Charles W. Matten,* for defendant.

SHANAMAN, J., October 10, 1938.—In replevin where the defense was a lien, and plaintiff's title was admitted in the affidavit of defense, defendant filed counter bond and retained possession of the goods, and on trial the jury found a verdict as follows:

"And now, to wit, October 16, 1937, we the jurors, empanelled in the above case, find the verdict in favor of plaintiff, Joseph M. Eways, for seven Oriental rugs of the value of $2150 under condition that plaintiff Joseph M. Eways compensate Harry S. Craumer the sum of $885 for professional services rendered—less $196.29 credits allowed, leaving a balance due Mr. Craumer of $688.71."

Defendant duly moved for a new trial. Neither party ordered the notes transcribed. Plaintiff petitioned the court on February 26, 1938, to strike off the rule for new trial and to enter judgment for plaintiff and against defendant for $1,461.29, the difference between the value of the rugs as found, to wit, $2,150, and the amount found due to defendant, to wit, $688.71, with interest. Argument was had on the petition, and the matter is before us for decision.

Plaintiff's sole alleged ground for striking off the rule for new trial is our rule of court, sec. 278, which provides that:

"Except in cases appealed to the Supreme or Superior Court, no transcripts are to be made and filed by the Stenographers at the expense of the county without an order of one of the judges which must be applied for within 30 days after trial".

Here, verdict was on October 16th, motion for new trial on October 20th, and it was open to either litigant to order notes on or before November 15th. After that either litigant could obtain a transcript at his own expense. Either litigant could order the case for argument, and a motion for new trial can be argued, if the parties so elect, without the advantage of notes. Plaintiff's contention that failure to order the notes transcribed carried with it the additional penalty of an abandonment of the rule for

new trial cannot be sustained, and, since plaintiff has shown no sufficient ground for striking off the rule for new trial, his petition could be dismissed on that ground. For the benefit of the parties, we shall, however, adjudicate plaintiff's contention that he is entitled to a money judgment for the difference between the value of his goods and the amount of the lien, as found by the jury.

Plaintiff contends that since defendant filed a counter bond, and retained possession of the rugs, he is in a position to claim the benefits of section 7 of the Replevin Act of April 19, 1901, P. L. 88. The relevant sections of the act are as follows:

"Section 6. The declaration and affidavit of defence as originally filed, or as amended by leave of court, shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined by a jury. If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles.

"Section 7. If the title to said goods and chattels be found finally to be in a party who has not been given possession of the same, in said proceeding, the jury shall determine the value thereof to the successful party, and he may, at his option, issue a writ in the nature of a writ of retorno habendo, requiring the delivery thereof to him, with an added clause of fieri facias as to the damages awarded and costs; and upon failure so to recover them, or in the first instance, he may issue execution for the value thereof and the damages awarded and costs; or he may sue, in the first instance, upon the bond given, and recover thereon the value of the goods and chattels, damages and costs, in the same manner that recovery is had upon other official bonds."

The declaration and the affidavit of defense raised no issue of title. Plaintiff's ownership of the rugs was averred and admitted in their respective pleadings. De-

fendant claimed only a lien. The case was tried on this theory, and the verdict was in accordance with it. Section 7 therefore does not apply. Its initial words, "If the title to said goods . . . be found finally to be in a party who has not been given possession of the same, in said proceeding, the jury shall determine the value thereof to the successful party . . .", refer to a case where, under the immediately preceding section 6, the pleadings have raised a "question of the title." To hold otherwise would result that where defendant does not assert ownership of the property and has not raised a "question of the title", but only wants the amount of his lien, and is found by the jury only to be a lienholder entitled to "a conditional verdict . . . which the court shall enforce in accordance with equitable principles", obviously to obtain for him his money and only that, nevertheless, he shall be held to have become by the proceedings the owner of the property, subject to judgment against him for their value, less the amount of his lien. This would appear to be an inequitable result, which the legislature is not shown to have intended. As stated in Shorley v. The Hub Machine Welding & Contracting Co., 23 Dist. R. 363, 367:

"And even if the plaintiff should be held liable for the whole amount claimed by the defendant, the court would have to order that, on payment of the amount due, the automobile should be delivered to the plaintiff because it is hers. It is, therefore, obvious that to apply the 7th section to the case before us would be to attribute to the Act of 1901 the quality of uselessness or absurdity, which may not be done if any rational interpretation can be suggested."

But plaintiff contends that by filing a claim-property bond, and retaining possession, defendant, though a mere lienor, became, under section 7, subject to a contingent liability to the judgment sought as an alternative to plaintiff's right to a retorno habendo under the same section of the act. Whether a mere lienholder may, under the Replevin Act, file a counter bond, and the effect to be

given to such act, if one is filed and accepted by the sheriff, was flatly ruled in the negative in the case just cited, and also in Burgert v. Fitch, 43 Pa. C. C. 397, but does not appear to have been adjudicated in the appellate courts. Prior to the Act of 1901, there were decisions such as Macky v. Dillinger, 73 Pa. 85, and Mathias v. Sellers et al., 86 Pa. 486, in which lienor defendants gave claim-property bonds. In those cases defendants pleaded non cepit and property, and the court in Mathias v. Sellers et al., supra, at page 492, stated that in the current practice of the courts, questions of lien had been usually determined on such pleas. No question was raised in those cases concerning the claim-property bond or the possession under it. Since the passage of the Act of 1901, the case of Saxton v. Gemehl, 72 Pa. Superior Ct. 177, has been decided, which was replevin against a lienor and in which no property bond was given and the point not raised. That court's opinion contains, however, the following language (pp. 178, 182):

"the defendant having elected not to file a counter bond . . . [and] if he had given a property bond and retained the goods, he would have been entitled to recoup the actual amount of his lien from the damages which the plaintiff would have been entitled to recover: Macky v. Dillinger, 73 Pa. 85. That question did not arise in this case, this defendant did not give a property bond and retain the goods. The plaintiff has the goods and the defendant is entitled to a judgment for the amount of any lien which he had thereon."

This statement of the law was, of course, obiter dicta, concerning a point of law neither raised by the facts nor necessary to the decision, and is based apparently on Macky v. Dillinger, supra. While highly respectable, it does not foreclose a free consideration of what is the correct rule under the Replevin Act.

We are of opinion that the filing by defendant of the claim-property bond was a nullity. Being a mere lienor he was relegated to plaintiff's bond for his security, and

had no right to give a counter bond. His position in that respect was similar to that of a landlord, who after distress is sued in replevin by the owner of the goods. The landlord not claiming title cannot give counter bond and retain possession, and his counter bond will be stricken off: Pickering v. Yates, 51 Pa. Superior Ct. 436. It is true that defendant did retain possession, but for this, plaintiff had a prompt and effectual remedy in his right to petition at once for the delivery of the rugs to him. See Shorley v. The Hub Machine Welding & Contracting Co., supra, and Burgert v. Fitch, supra. The view taken finds support in the case of Young v. Couche, 52 Pa. Superior Ct. 592, which was replevin against a lienor. The court said (p. 597):

"By electing to sue out a writ of replevin she could recover the possession of her chattel, but she could not deprive the defendant of the benefit of his lien if he had acquired one. It would simply be transferred from the chattel to the bond which stood in lieu of it."

To sustain plaintiff's contention that the course of the proceeding in this replevin suit, including the giving of the property bond which plaintiff could have had stricken off, and the retention by defendant of a possession which plaintiff could promptly have ended, has vested in plaintiff an absolute right to compel defendant, a mere lienor, to become the owner of the chattels, and to pay to plaintiff in cash the difference between the value and the lien, would seem in direct conflict with the intention of the legislature which we find in the second sentence of section 6 of the Replevin Act, where express provision is made that if any party be found to have only a lien, a conditional verdict may be entered, enforceable upon equitable principles. The equitable principle here applicable was well found and applied by the jury in its verdict, and plaintiff should have his rugs, and defendant should have the amount of his lien.

Defendant's brief asks for a decision upon plaintiff's second request, which we have just considered, "in order

to avoid further litigation," and asks further for a decision by this court that plaintiff is not entitled to any judgment on this verdict for the rugs, except upon the condition that he first pay the amount owing by him. "This," defendant's brief goes on to say, "is the verdict of the jury and no equitable reason has been given why it should be changed." We regard this statement as a substantial assent by defendant to the discharge of his rule for new trial.

And now, to wit, October 10, 1938, plaintiff's rule to strike off defendant's rule for new trial, and for judgment against defendant for the excess in dollars for the value of the chattels over the amount of the lien as found by the verdict, is discharged. Defendant's rule for a new trial is discharged.