## Hensel et al. *versus* Noble.

| 95 | 345 |
| 140 | 241 |

| 95 | 345 |
| 36 SC | 401 |

1. It cannot be doubted that a lien is given by the common law to a trades-man or artisan who, in the course of his trade or occupation receives per-sonal property upon which he bestows labor, &c., and his right to a lien on the property is equally good whether there be an agreement for a stipulated price or only an implied contract to pay a reasonable compensation.

2. It is equally clear on principle as well as authority that where there is an entire contract for making or repairing several articles for a gross sum, the tradesman has a lien on any one or more of the articles in his possession, not only for their proportionate part of the sum agreed upon for repairing the whole, but for such amount as he may be entitled to for labor, &c., be-stowed upon all the articles embraced in the contract.

October 7th 1880. Before SHARSWOOD, C. J., MERCUR, GOR-DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1879, No. 106.

Trover and conversion by Jesse Noble against Hensel & Reeg for one wagon wheel.

At the trial, before White, A. L. J., the plaintiff testified that he called at the defendants' shop in Allegheny city and bargained with them to re-tire one of the wheels of his wagon for $1.50 ; that he called again when the wheel was done, and tendered to the de-fendants $1.50 and demanded his wheel ; and that they refused to take the money and deliver the wheel, alleging that the contract was for the re-tiring of two wheels at $3.

The defendants testified and gave evidence that the plaintiff, who was a sewing-machine agent and not a customer of the defendants, called at their shop and bargained with the defendants for the re-tiring of two wheels, at $3 for the job ; that they could re-tire two wheels for $3 while they could not re-tire one wheel for half that amount, as an odd sized iron was needed, and three bars would re-tire two wheels, while it would take or destroy two bars to re-tire one wheel ; that the plaintiff left one wheel for repair, the defend-ants lending him one to use instead, and he was to call next day and leave the other wheel ; that they purchased three bars of iron and repaired one wheel, and welded, cut and bent the iron for the other wheel ; that the plaintiff called the next day and tendered $1.50, and demanded the wheel, saying he would not have the other one repaired. The defendants refused to receive the money or to deliver the wheel, standing upon the contract as they alleged it to have been made.

In the general charge the court, inter alia, said : " That if the parties did agree that the defendants would repair two wheels for the plaintiff for which the plaintiff was to pay the sum of $3, and if the plaintiff, after the defendants had repaired one wheel, came and demanded the wheel, and tendered a sufficient amount to pay for the repair of that wheel, the defendants were bound to give it

[Hensel *v.* Noble.]

to him. * * * That defendants had a right to retain the wheel until the price agreed upon for repairing that wheel, or a fair and reasonable compensation for the work done was tendered."

Verdict for plaintiff for $4.75, and after judgment thereon defendants took this writ, their assignments of error being the above portions of the charge.

*A. Blakeley*, for plaintiffs in error.—There was a contract to repair two wheels for the round sum of $3, and the defendants had a lien on the repaired wheel for that sum. Where there is a contract for the repair of several things for a round sum, any one or more of the articles can be held by the workman until the contract price, the round sum for the whole job, is paid: Blake *v.* Nicholson, 3 M. & Selw. 167; Chase *v.* Westhouse, 5 Id. 180. The contract was entire and indivisible, and there cannot be part performance on either side without the consent of the other: Pier *v.* Schenk, 3 Hill. 28; Sinclair *v.* Bowles, 9 B. & C. 92. The question and authorities have been recently examined and stated in Mathias *v.* Sellers, 5 Norris 486.

*J. R. Harbison*, for defendant in error.—The authorities cited by plaintiffs in error only decide that where one takes property and bestows labor and expense upon it, he can retain part thereof for the whole value of the labor done and expense incurred where the contract is an entire one. The common law gives a lien to one who keeps property in the way of his trade or occupation, to bestow labor and expense upon it: Mathias *v.* Sellers, *supra*. It extends no further than to the property bailed, and to cases only in which the bailee has directly conferred additional value by labor or skill, or indirectly by instrumentality of an agent under his control: Steinman *v.* Wilkins, 7 W. & S. 466. Possession is essential, and the lien can only be claimed for the amount of work done or expenses incurred.

Mr. Justice STERRETT delivered the opinion of the Court, October 25th 1880.

The amount in dispute between the parties to this contention, did not, in the outset, exceed a dollar and a half. If we were to adopt that sum as the proper standard of its magnitude, the case would be a very small one, so small, indeed, as to bring it almost within the maxim, *de minimis non curat lex ;* but, perhaps, neither the luxury of a lawsuit, nor the importance, in the eyes of the parties, of the legal principles it may be supposed to involve, should be measured by such a petty rule as that. Whether prompted by the love of litigation, pure and simple, or by the more laudable desire to promote the cause of justice generally, by settling mooted questions of law, &c., parties have at least an abstract right

to try little cases and bring them here for revision. When it is their sovereign pleasure thus to occupy their own time as well as that of the public, it is our duty to hear them as patiently and consider their cases as carefully as if they involved thousands of dollars instead of a few cents; but, one thing is quite certain, that in the end the winner will invariably be loser, at least, in a pecuniary point of view. That, however, is his affair, not ours.

It was admitted by both parties that they had made a special contract in regard to renewing wagon tire, but they disagreed as to whether it was for the renewal of the tire on one or two wheels. The plaintiff below claimed and introduced testimony tending to prove that defendants were to repair one of his wagon wheels for $1.50 ; that, when the tire was put on, he tendered that sum and demanded the wheel, but they refused to accept the tender or deliver the wheel. On the other hand, the defendants' testimony tended to prove that the contract was to renew the tire on two wheels for the sum of $3; that while they could do this, they could not afford to repair one wheel only for half that sum, inasmuch as tire of an odd size was required, and three bars of iron would repair both wheels, but in repairing one only there would necessarily be some waste; that the plaintiff delivered one wheel to be repaired, and promised to leave the other on the following day ; that they purchased the three bars of iron, repaired the one wheel, cut, welded and bent the iron for the other; that plaintiff tendered $1.50, and demanded the wheel, saying, that he would not have anything done with the other, and that, standing upon their agreement to repair both as an entire contract, they refused to accept the money and deliver the wheel that was then repaired.

It was, of course, for the jury to determine which of these versions of the contract was the true one. If they found that it was as claimed by the plaintiff the defendants were clearly in the wrong; but, if they came to the conclusion that the contract was to repair both wheels together for $3, then the plaintiff below had no right to demand the wheel without first paying or tendering the price of repairing the one together with at least sufficient to compensate for the labor, &c., expended in preparing to repair the other also.

It cannot be doubted that a lien is given by the common law to a tradesman or artisan, who in the course of his trade or occupation receives personal property upon which he bestows labor, &c.; and his right to a lien on the property is equally good whether there be an agreement for a stipulated price, or only an implied contract to pay a reasonable compensation : Story on Bailments, sects. 440 and 441 a ; Mathias v. Sellers, 5 Norris 486. It is equally clear on principle, as well as authority, that where there is an entire contract for making or repairing several articles for a gross sum, the tradesman has a lien on any one or more of the articles in his possession, not only for their proportionate part of

[Hensel *v.* Noble.]

the sum agreed upon for repairing the whole, but, for such amount as he may be entitled to for labor, &c., bestowed upon all the articles embraced in the contract: Blake *v.* Nicholson, 3 M. & Selw. 167; Chase *v.* Westmore, 5 Id. 180.

The learned judge instructed the jury, "That if the parties did agree that the defendants would repair two wheels for the plaintiff for which he was to pay them $3, and the plaintiff, after defendants had repaired one wheel, came and demanded the wheel and tendered a sufficient amount to pay for the repair of that wheel, the defendants were bound to give it to him." In this we think there was error. If the contract was entire, and defendants, in pursuance of it, had not only repaired one wheel, but had also bestowed labor, and incurred expense for the purpose of repairing the other, their lien on the one wheel in their possession was good for the whole amount of their labor and expense done and incurred in pursuance of their contract, not exceeding the sum fixed by the agreement. He also charged the jury, as complained of in the second assignment, "That defendants had a right to retain the wheel until the price agreed upon for repairing that wheel, or a fair and reasonable compensation for the work done was tendered." If by, "the work done," was meant the labor, &c., bestowed in repairing the one wheel alone, this instruction was also erroneous. If the plaintiff below had a right to the wheel on paying or tendering a fair and reasonable compensation for the work done on it alone, the defendants would have been left without any security for the amount to which they were entitled for labor performed and expense incurred, in pursuance of their contract, in prepairing to renew the tire on the other wheel. Be this much or little, if the contract was entire, they were entitled to their lien for the same.

Judgment reversed, and *venire facias de novo* awarded.