## Boston *v.* Farr, Appellant.

*Contract—Original undertaking or guarantee—Statute of frauds—Evidence.*

Plaintiff, a physician, brought suit to recover for services rendered to defendant's stepson, who was of age. Plaintiff testified that defendant said to him, "If the boy dies, I don't want any blame resting on me. You go and get the doctor (i. e. a surgeon) and do all that you can for the boy. I will see that you get your pay."

*Held*, (1) That this was evidence properly submitted to the jury upon the question of whether defendant's undertaking was an original contract or a guarantee within the statute of frauds.

(2) That the jury, under proper instructions, having found that it was an original undertaking and rendered a verdict for services subsequent to this agreement, the verdict should stand.

Argued Feb. 24, 1892.　　Appeal, No. 119, Jan. T., 1892, by defendant, O. E. Farr, from judgment of C. P. Wyoming Co., Jan. T., 1891, No. 172, on verdict for plaintiff, C. L. Boston. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit for services rendered as a physician.

At the trial before SITTSER, P. J., the evidence was to the following effect: Plaintiff, a physician, had been attending defendant's stepson, Swazy Gordon, who was of age, for some time, and had originally been employed by him. It became

necessary to call in a surgeon to perform an operation, and plaintiff testified that before so doing he informed defendant that he had attended the boy up to that time without knowing whether he would be paid or not, that if he called in a surgeon he would have to pay him, and that he did not expect to go any further in the matter until he knew where his pay was coming from ; that thereupon defendant replied, " If the boy dies, I don't want any blame resting on me. You go and get the doctor and do all you can for the boy. I will see that you get your pay." This was denied by defendant. It was in evidence that the charge in defendant's books was in the name of the patient. The operation having been successfully performed, defendant paid the surgeon's bill, but refused to pay plaintiff.

The court left it to the jury to determine whether defendant entered into an original undertaking to pay for plaintiff's services, saying in the course of the charge :

" As to the services that were rendered after the 19th of February, 1890, claimed here on the part of the plaintiff to amount to $25.50, whether the plaintiff can recover for those services depends upon the view you take of the evidence in this case and the credit you give to the witnesses. [3] . . . .

" You will take into consideration all the evidence you can find bearing upon this subject, and if you find there was a contract between Dr. Boston and Mr. Farr, by which Mr. Farr agreed to pay him for these services to be rendered in the future, and the doctor went on in pursuance of his request and his employment, then we say to you that you can find that Dr. Boston was working for Mr. Farr in that business, and in such case it would be Mr. Farr's contract. The doctor could recover upon it, and the statute of frauds would not stand in the way." [4]

Defendant submitted the following point :

" That if the jury believe that the debt or claim which the plaintiff alleges the defendant promised to pay, is a debt of Swazy Gordon, the verdict should be for the defendant. *Answer :* This we affirm, because we have already said to you that if the contract and agreement between Mr. Farr and the doctor was such that the doctor was working for Mr. Farr; if at the time of the conversation spoken of, the doctor was employed by Mr. Farr to go on doctoring this boy, was working

under a contract with Mr. Farr, then it was Farr's contract, and he alone is responsible and obliged to pay it. Swazy Gordon would not in law be obliged to pay the doctor for services rendered under such an agreement, if one existed, with Mr. Farr." [2]

Verdict for plaintiff for $25.50 and judgment thereon. Defendant appealed.

*Errors assigned* were (1) submitting to the jury the question of fact whether the defendant made an original contract, there being no evidence of such contract; (5) not submitting to the jury the question of fact whether any conversation between plaintiff and defendant concerning plaintiff's pay actually took place; (2) the answer to defendant's point and failure to affirm the point without qualification, quoting the point and the answer; (3, 4) portions of the charge above given, quoting them.

*James E. Frear,* for appellant, cited Nugent v. Wolfe, 111 Pa. 471; Hill v. Raymond, 3 Allen, 540; Eshleman v. Harnish, 76 Pa. 97; Haverly v. Mercur, 78 Pa. 257.

*James W. Piatt,* for appellee, in support of the point that it was for the jury to determine whether the parol contract was an original undertaking or a guarantee, cited: Welsh v. Dusar, 3 Binn. 329; Denison v. Wertz, 7 S. & R. 373; Moore v. Miller, 4 S. & R. 279; Watson v. Blaine, 12 S. & R. 131; Overton v. Tracey, 14 S. & R. 311; Brown v. Campbell, 1 S. & R. 176; Sidwell v. Evans, 1 P. & W. 386; McFarland v. Newman, 9 Watts, 59; Brubaker v. Okeson, 36 Pa. 519; Maynes v. Atwater, 88 Pa. 496.

In support of the point that the charge on plaintiff's books, being in the name of another, did not prevent a recovery against defendant, he cited Banfield v. Whipple, 10 Allen, 27; James v. Spaulding, 4 Gray, 451; Swift v. Pierce, 13 Allen, 136; Linn v. Naglee, 4 Wharton, 97.

PER CURIAM, March 28, 1892:

We find no error in this record. The court properly submitted to the jury the question of fact, whether the defendant made an original contract to pay the debt claimed in this action. He further instructed them that, unless it was an original contract, it would come within the statute of frauds, and

the plaintiff could not recover. The jury found for the plaintiff, for a portion of the claim only, that is, for the services rendered subsequent to the making of the contract. The appellant contended that there was no evidence to submit to the jury of an original contract. In this we think he was mistaken. The plaintiff testified that the defendant said to him : "If the boy dies I don't want any blame resting on me. You go and get the doctor and do all you can for the boy. I will see that you get your pay. He put it in just those words." This was evidence from which the jury were justified in finding an original undertaking, and as the verdict was only for the services rendered after this time, there is no more to be said.

Judgment affirmed.