# Brouse *v.* Oliger, Appellant.

*Appeals—Assignments of error—Evidence.*

When error is assigned to the admission of evidence the specification must quote the testimony or evidence admitted, if any.

*Husband and wife—Necessaries—Contract of wife—Evidence.*

While the fact that the premises occupied by husband and wife, to which articles of food and other domestic supplies are furnished, are owned by the wife, does not determine the question of her liability for the price, it is nevertheless a relevant fact to be considered in connection with other evidence tending to show a personal undertaking on her part.

In an action against a wife to charge her personally with necessaries, the case is for the jury, where the evidence produced by the plaintiff

consists not only of testimony that the wife was present on the occasion of the purchase and picked out the goods, but of testimony as to her declarations and subsequent acts, and as to the circumstances of the parties from which it could be inferred that she was acting in her own right, and intended to bind herself in making the purchase, and the plaintiff delivered the goods upon that understanding.

No recovery can be had against the wife in such an action where the evidence is undisputed that the husband alone was present when the goods were bought, and there is no evidence that they were ordered by the wife, nor evidence to overcome the prima facia presumption that the husband bought the goods in the performance of his duty to maintain the family, and upon his own credit.

Argued Oct. 28, 1907. Appeal, No. 252, Oct. T., 1906, by defendant, from judgment of C. P. Centre Co., Aug. T., 1906, No. 183, on verdict for plaintiff in case of R. S. Brouse v. J. H. Oliger and Margery S. Oliger, his wife. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Modified and affirmed.

Appeal from judgment of justice of the peace. Before ORVIS, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:
[If you find from the evidence in this case that there was such a contract, that Mrs. Oliger acknowledged that there was such a contract, then you would have the right to find for the plaintiff for the amount in controversy, or for those items which you find in the evidence that Mrs. Oliger purchased upon her own exclusive credit, whether for all of these items or just the last ones, or of the last date is for your determination. As you find that one essential fact so should be your verdict.] [3]

Defendant presented these points:

4. That there being no evidence on the part of the plaintiff but the testimony of Harry Gehret that Mrs. Oliger said on July 27, 1904, when the last bill was purchased, and at which time she paid $5.00 in cash to the clerk, "charge this to Mrs. J. H. Oliger," that that declaration even if believed by the jury

does not constitute an express contract to charge the defendant, Mrs. Margery Oliger, and the plaintiff cannot recover. *Answer:* This we cannot affirm. It does not necessarily constitute a contract. A mere declaration made to a third person is not a contract. It is admitted, however, as some evidence of a contract. The declarations of either of the alleged parties to the contract to third persons are in law admissible as evidence of the admission of the contract, and it was in this view we admitted them as substantive evidence for your consideration. [4]

5. That under all the evidence in the cause the plaintiff is not entitled to recover and the verdict must be for the defendant. *Answer:* We cannot affirm this point. We have decided that this is a question of fact for you, gentlemen of the jury, to determine under all the evidence and under our general charge and our answers to these several points of defendants. [5]

Verdict and judgment for plaintiff for $8.21. Defendant appealed.

*Errors assigned* among others were (3–5) above instructions, quoting them.

*John G. Love,* for appellant.

*John Blanchard,* with him *W. Harrison Walker* and *Edmund Blanchard,* for appellee.

Opinion by Rice, P. J., July 15, 1908:

Judging from the amount involved this is a small case, and it would be entirely appropriate to quote the remarks made by Mr. Justice Sterrett at the outset of his opinion in Hensel v. Noble, 95 Pa. 345. But as they are not essential to the decision of our case we content ourselves with this reference to them. In this action of assumpsit against J. H. Oliger and Mary his wife, begun before a justice of the peace and brought into the common pleas by defendant's appeal from his judgment, the plaintiff claimed to recover a balance of $8.04 for food and

other domestic supplies, alleged to have been contracted for and delivered to the wife upon her separate credit. The account was kept in the plaintiff's books in the name of J. H. Oliger and wife and consisted of charges for purchases on June 14, amounting to $4.78, on July 13, amounting to $2.81, and on July 27, amounting to $5.04, and a credit on the last day of a payment of $5.00. The husband confessed judgment for the balance, but the wife, while not denying that the goods were delivered to the premises which she and her husband occupied, defended upon the ground that the goods were not contracted for by her. The learned trial judge in his general charge and by affirming the defendant's first three points instructed the jury fully and clearly as to the law governing such an issue and as to what the plaintiff must prove in order to recover against the wife. Of these instructions no complaint is made. But he submitted to the jury to determine from the conflicting evidence, whether, applying the legal principles upon which he had fully and clearly instructed them, she had made herself liable for any or all of the goods. Of this she complains because, as argued by her counsel, there was no evidence of a personal undertaking on her part to be submitted to the jury. The jury found in favor of the plaintiff for the full amount claimed, and from the judgment on their verdict we have this appeal. There are five specifications of error. The first is dismissed because of noncompliance with the requirements of rule XVI that when error is assigned to the admission of evidence the specification must quote the testimony or evidence admitted, if any. While the fact that the premises occupied by husband and wife, to which articles of food and other domestic supplies are furnished, are owned by the wife does not determine the question of her liability for the price, it is nevertheless a relevant fact to be considered in connection with other evidence tending to show a personal undertaking on her part. Therefore the second assignment is overruled. The fourth is overruled for the reason given by the learned trial judge in his answer to the point, and the fifth because the affirmance of the point therein quoted would have withdrawn from the jury the determination of disputes fairly raised by the

conflicting evidence, as to controlling facts.  The only diffi-
culty we have is as to that part of the instructions quoted in
the third assignment, in which the jury were permitted to find
against the wife as to all of the items or only as to the last two,
as they might determine.  The plaintiff's evidence as to the
last item was clear and express that she alone was present when
the goods were bought and that she directed that they be
charged to her.  The evidence adduced by the plaintiff as to
the second item, while not so clear, consisted not only of testi-
mony that she was present on that occasion and picked out the
goods, but of testimony as to her declarations and subsequent
acts, and as to the circumstances of the parties, from which it
could be inferred that she was acting in her own right and in-
tended to bind herself in making that purchase, and that the
plaintiff delivered the goods upon that understanding.  There-
fore the question was for the jury.  But as to the first item the
evidence is undisputed that the husband alone was present
when the goods were bought.  There is no evidence that they
were ordered by her or to overcome the prima facie presump-
tion that he bought the goods in performance of his duty to
maintain the family, and upon his own credit.  Therefore, the
instructions quoted in the third assignment, so far as they per-
mitted a recovery from the wife for the first item, cannot be
sustained.  This result, however, does not require a retrial of
the case.  It may be corrected by reducing the amount of the
recovery, under the authority conferred upon this court by
sec. 8 of the Act of June 24, 1895, P. L. 212.

The judgment is modified by reducing the amount from
$8.21 to $3.16 as of November 29, 1906, and as thus modified,
the judgment with interest from that date is affirmed with
costs.