# Hecht *v.* Valkone Dye & Finishing Works, Appellant.

*Bailment—Lien for work done—Lien on subsequent goods.*

A general lien for work done on previous goods sent by the owner will be sustained in law against goods subsequently sent by the owner, although no work has been done on such goods; but this rule does not apply where a third party, who received the goods from the owner, transmits them to one who is claiming a lien for work done on previous goods sent by such third person. To subject the owner's property to the lien, there should be such action on his

part as would show assent, or through the equities of the case
estop him from denying the workman's right of lien.

Where an owner replevies his goods and defendants in the re-
plevin claim a general lien for a balance alleged to be due by a
third person who delivered the owners' goods to defendant to be
dyed and finished, and no work has been done on such goods, it is
proper for the jury to determine whether the owners had knowledge
that their goods were delivered to defendant subject to the lien for
the balance due defendants by such third person.

Argued Nov. 8, 1916.    Appeal, No. 243, Oct. T., 1916,
by defendants, from judgment of C. P. No. 4, Philadel-
phia Co., March T., 1913, No. 4426, on verdict for plain-
tiff in case of Richard Hecht, Alfred Levy and Jacques
R. Friedman, trading as L. Hecht & Co., v. Valkone Dye
& Finishing Works.    Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.
Affirmed.

Replevin for goods on which a lien was claimed.    Be-
fore CARR, J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiffs.    Defendant ap-
pealed.

*Error assigned* was in refusing binding instructions
for defendant.

*John C. Gilpin,* with him *Graham & Gilfillan,* for ap-
pellant.

*David Bortin,* of *Furth, Singer & Bortin,* for appellee.

OPINION BY KEPHART, J., March 13, 1917:

The plaintiff sent raw yarn to the Providence Worsted
Company to be manufactured into woolen goods.    After
being so manufactured, the Providence Company would
send the goods to a dyeing and finishing company.    The
defendant was such company.    Certain materials were

sent to it by the Providence Company, to be dyed and finished. The Providence Company was in debt to the defendant on an open account, and the defendant declined to proceed with the work until the account had been paid. It so notified the plaintiff in this suit, the owner of the goods, and further claimed a general lien on the materials for the balance of this open account. No work had been done on these goods held for charges in the open account.

There seems to be no doubt that a general lien for work done on previous goods sent by the owner will be sustained in law against goods subsequently sent by the owner, though no work had been done on these goods: Firth & Foster Bros. v. Hamill, 167 Pa. 382. In that case the transaction was between the immediate parties. In the case at bar a third party intervenes, who received the goods from the owner, and transmits them to the company claiming the lien. To subject the owner's property to this lien, there should be such action on his part as would show assent, or through the equities of the case estop him from denying the workman's right of lien. The case was tried on the theory of lien and the amount thereof. The evidence, however, does show title in the bailor and there is nothing in the change of arrangements, made in March, 1913, that would in any way affect that title. When the goods were received by the defendant, the title was in the plaintiff. This is clear from the testimony of Friedman, but even if the method of doing business raises some doubt as to the question of title, it would have been for the jury, and by their verdict they have sustained the plaintiff's title. Giving effect to the testimony of the first trial, which should not be considered as evidence forming a part of this record, there is nothing in it which, as a matter of law, concludes the question of title as being in the Providence Company. It is there quite fully explained that in sending the goods to the Providence Company a consignment account was kept so that the proper credit might be given for the yarn returned as a

manufactured article. This ordinarily would not constitute a sale. The Providence Company was not billed as a debtor, nor charged with the price. Of course, the value could be ascertained from the company's books, but this circumstance could not be made use of to create a bargain and sale unless the parties so intended it.

We do not regard the contention that it was necessary for the plaintiff to show under and by virtue of what circumstance the appellant held the goods, and as a part of the appellee's case to show that the appellant's "agreement for a general lien did not apply" before recovery could be had. The plaintiff proves title and right of immediate possession. If there is any right outstanding under which the defendant could claim, that affected or estopped the plaintiff's claim of right of possession, it would be a matter of defense. The important question, under the evidence, was whether the plaintiff subjected the goods replevied to the lien in question, and on this the court charged: "If you believe that these goods were received by the Valkone people with the knowledge and assent of the plaintiff, Hecht and Company, that these goods should be subject to such a lien, then your verdict should be for the defendant. If you believe that the plaintiff, Hecht and Company, had no knowledge that there was this agreement between the Valkone people and the Providence people that these goods should be subject to a lien for the money owed by the Providence people, then again your verdict should be for the plaintiff." The questions submitted to the jury were decided in the plaintiff's favor and their determination ended the case. It was proper for the plaintiff to show that the defendant's claim had been paid, and the evidence as submitted certainly left the question in doubt. In any event, under the questions submitted, both having been found in favor of the plaintiff, the defendant was not prejudiced by this evidence.

The assignments of error are overruled, and the judgment is affirmed.