# Bankers' Commercial Security Company, Inc., *v.* Brennan and Levy.

*Bailments—Automobiles—Repairs ordered by bailee—Lien of repairman—Replevin.*

A mechanic who has made repairs to an automobile, at the request of one who has possession .thereof under a bailment lease, does not have a lien on the automobile for his services, against the

real owner, and the latter is entitled to repossess himself of his property in an action of replevin.

Whenever a workman or artisan by his labor or skill increases the value of personal property placed in his possession to be improved he has a lien on it for his proper charges until paid, but in order to charge a chattel with this lien the labor for which the lien is claimed must have been done at the request of the owner, or under circumstances from which his assent can be reasonably implied. It does not extend to one not in privity with the owner.

Argued October 14, 1920. Appeal, No. 66, Oct. T., 1920, by Emil Levy, from judgment of C. P. No. 1, Phila. County, Sept. T., 1919, No. 125, discharging rule to open judgment in the case of Bankers-Commercial Security Company, Inc., v. William Brennan and Emil Levy, trading as Gramm-Bernstein Motor Truck Company of Philadelphia, Intervening Defendant. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Replevin for motortruck.

Rule for judgment for want of a sufficient affidavit of defense and rule to open judgment. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the plaintiff's rule for judgment for want of a sufficient affidavit of defense, and discharged the rule to open the judgment.

*Errors assigned* were the orders of the court.

*James McMullen*, and with him *Dickson, Beitler & McCouch*, for appellant.—A mechanic is entitled to a lien upon a leased automobile for extraordinary repairs made at the instance of a bailee: Stern v. Sica, 66 Pa. Superior Ct. 84.

*C. W. Van Artsdalen*, for appellee.—The plaintiff was entitled to repossess himself of the property in re-

plevin proceedings.   The affidavit of defense was wholly insufficient to meet the plaintiff's averments of title and right of possession: Heisley v. Economy Tool Co., 33 Pa. Superior Ct. 222; General M. T. Co. v. Phila. Paving Co., 248 Pa. 499; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Liveright v. Thornton, 56 Pa. Superior Ct. 611; Miller v. Jackson, 34 Pa. Superior Ct. 31; B. L. P. Motor Co. v. Walch, 71 Pa. Superior Ct. 323.

The defendant was not entitled to have the judgment opened: Norfolk & Western Railway Company v. Swift & Company, 59 Pa. Superior Ct. 603; Shimp v. Gray, 41 Pa. Superior Ct. 542; Wood v. Kerkeslager, 227 Pa. 536.

OPINION BY KELLER, J., December 10, 1920:

This is an action of replevin for an automobile truck, upon which appellant, the intervening defendant, claims a lien by reason of work done by him upon it.

The plaintiff is the owner of the truck.   It was left with the appellant for repairs by Brennan, the defendant in the action, who was in possession under a contract of lease or bailment with the right to purchase on certain terms, which were unperformed and in default at the time the writ issued.   The contract provided that the lessee was to keep the truck in good order and repair and surrender the same at the expiration of the lease, or upon default in performance of any condition or covenant thereof, in as good condition as when received by the lessee, ordinary wear and tear excepted.   While in Brennan's possession the truck was damaged by fire and he delivered it to the appellant to be repaired, without— so far as appears by the affidavit of defense filed by the appellant—the knowledge or authority of the owner.

Appellant founds his claim for a lien upon the fact that the repairs made by him to the truck were extraordinary in character, and inured to the benefit of the owner and relies upon the following quotation from

Corpus Juris (Vol. 6, p. 1113) cited with approval by this court in the case of Stern v. Sica, 66 Pa. Superior Ct. 84: "As a general rule it appears to be well settled that in the absence of statute, or express agreement, a bailor is responsible for extraordinary repairs which inure to his benefit, and which are not caused through the acts or neglect of the bailee, but the bailee must bear the expense of the repairs which are ordinary and incidental to the use of the thing bailed."

A reference to the authority cited shows that it was dealing with the rights and liabilities of bailor and bailee as between themselves and not with the subject of liens claimed by third parties; and further on the same page [note 72a] it is stated that where the bailee agrees, as here, to return the article in as good condition as when hired, ordinary and natural wear excepted, he cannot hold the bailor for the cost of necessary repairs, but must make them at his own expense.

In our opinion this case is governed by the decision in Meyers & Bro. v. Bratespiece, 174 Pa. 119. It is there held: "Whenever a workman or artisan by his labor or skill increases the value of personal property placed in his possession to be improved he has a lien upon it for his proper charges until paid, but in order to charge a chattel with this lien, the labor for which the lien is claimed must have been done at the request of the owner or under circumstances from which his assent can be reasonably implied. It does not extend to one not in privity with the owners." The same principle was followed in the decisions of this court in Stern v. Sica, supra; Hecht v. Valkone Dye & F. Works, 66 Pa. Superior Ct. 97; Estey Co. v. Dick, 41 Pa. Superior Ct. 610; and is in force generally in other jurisdictions: Hollingsworth v. Dow, 19 Pickering 228; Small v. Robinson, 69 Maine 425; Gilson v. Gwinn, 107 Mass. 126; Sargent v. Usher, 55 N. H. 287. Nor is the case of McIntyre v. Carver, 2 W. & S. 392, opposed to this principle. The plaintiff in that replevin action, Carter, occupied

the same relation to McIntyre, that Brennan did in the present case to the appellant. I have no doubt that Brennan could not have recovered the truck from appellant without paying for the repairs ordered by him; but his action in the matter did not bind the owner not consenting thereto. Brennan certainly could not have sold the truck so as to pass the owner's title, and as a general rule there is no good reason why a party not the owner of property should be permitted to create a lien upon it any more than he should be permitted to sell it: Sargent v. Usher, supra.

The court below did not abuse its discretion in refusing to open the judgment and allow the appellant to file a supplemental affidavit of defense.

The proposed affidavit did not set forth in what capacity Carroll was acting as agent for the plaintiff, or what authority he had to direct the repairs to be made on its behalf, and as in the original affidavit he had been designated the agent for the insurance company which had insured the truck against loss by fire, and no explanation was offered of the discrepancy or contradiction between the two affidavits the court cannot be convicted of error in refusing to disturb the judgment previously entered.

The assignments of error are overruled and the judgment is affirmed.