## Klopp *v.* Sternberg, Appellant.

*Contracts—Physicians—Fees.*

In an action of assumpsit, for services rendered by an attending physician, a verdict for the plaintiff will be sustained where the evidence established that the plaintiff was called by the telephone to the defendant's house, and at her request prescribed for her sick daughter, whose husband was absent at the time in military service.

Where the testimony showed a precise and unequivocal engagement for professional service by the defendant, the law implies a liability therefor, and judgment was properly entered for the plaintiff.

Argued December 16, 1920.  Appeal, No. 337, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1920, No. 435, in favor of plaintiff in the case, tried by the court without a jury, in suit of Edward J. Klopp v. Lena Sternberg.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit for professional services.  Before GORMAN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff for $513.  Defendant appealed.

*Error assigned* was the judgment of the court.

*Carl Sachs,* for appellant.

*Edwin B. Martin,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The plaintiff is a practicing physician and was called by telephone to visit defendant's home where she requested him to take charge of her sick daughter, the husband of the daughter being absent from home at the time in military service. Professional services were rendered under the direction of the defendant, and culminated in an operation by the plaintiff in the Jefferson Medical Hospital. When the physician's bill was presented the mother denied liability, alleging that her daughter's husband was the only one liable, and on the trial it was urged that there was not sufficient evidence to hold the defendant liable for the debt of another. The question of its being the debt of another is not in the case. The testimony clearly shows a precise and unequivocal engagement of professional services by direction of the defendant, and the law implies liability to pay therefor: Tyson v. Baizley, 35 Pa. Superior Ct. 320; Boston v. Farr, 148 Pa. 220.

That services were rendered and the operation was performed at the special instance and request of the defendant, is abundantly sustained by the evidence. The natural solicitude of the defendant for her sick daughter seems to have ended when she was called upon to pay for the services necessary to preserve her life.

The judgment is affirmed.