# Auto Security Co. v. Mickens et al., Appellants.

*Contracts—Automobiles—Repairs — Lien — Sufficiency of contract to support lien—Essentials—Proof—Failure to agree upon price.*

In order to give the party doing repair work upon an automobile a lien for his proper charges, it is sufficient for him to prove that the assent of the owner was given in response to his request for authority to proceed with the work. If no reference was made to the price it will be implied that the work and materials were to be paid for at their value. The owner cannot knowingly receive the benefit in the enhancement of the value of his property and then decline to pay for it.

462, 1923.]                Syllabus—Arguments.

A contract to pay for repairs to an automobile is sufficiently established by proof that the owner when asked if it was all right to do the work, replied "All right go ahead with it."

*Names—Fictitious names—Registration—Replevin — Intervening defendant—Claim for lien—Act of May 10, 1921, P. L. 465.*

An intervening defendant, in replevin, who sets up a claim for repairs, as a lien, against the automobile replevied is not, in the usual acceptation of the term, bringing a suit. The fact that such defendant had not registered the fictitious name, under which he was doing business, at the time the contract for repairs was made does not deprive him of his right to maintain his lien, nor does his neglect to register, before filing his claim, debar him. The Act of May 10, 1921, P. L. 465, amending the Act of June 28, 1917, P. L. 645, was not intended to apply to such situations.

Argued October 26, 1922. Appeal, No. 183, Oct. T., 1922, by Harry Chervin, intervening defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1920, No. 1941, for plaintiff, non obstante veredicto, on verdict for intervening defendant in the case of Auto Security Company v. Clarence C. Mickens and Hardy J. Green, defendants, and Harry Chervin, individually, and trading as Cayuga Garage and Repair Shop, intervening defendant. Before PORTER, HENDERSON, TREXLER, KELLER and LINN and GAWTHROP, JJ. Reversed.

Replevin to recover possession of an automobile. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the intervening defendant in the sum of $500. Judgment was subsequently entered for plaintiff non obstante veredicto. The intervening defendant appealed.

*Error assigned* was the judgment of the court. ·

*Adolph T. Kohn,* and with him *William T. Connor* and *John R. K. Scott,* for appellant.—Where a party, know-

ingly and without objection, permits another to render services for him, the law implies a promise to pay what the services are reasonably worth: Tyson v. Baizley, 35 Pa. Superior Ct. 320; Bankers' C. Security Co. v. Brennan & Levy, 75 Pa. Superior Ct. 199; Meyers & Bro. v. Bratespiece, 174 Pa. 121.

*Maxwell Pestcoe,* and with him *Walter I. Summerfield,* for appellee.—A lessee cannot impose a lien upon an automobile for repairs in favor of a repairman and such lien can only arise out of a definite contract with the owner: Stern v. Sica, 66 Pa. Superior Ct. 84.

If an agreement is so vague that it is not possible to collect from it the full intention of the parties such a contract can neither be expressed in equity nor sued upon at law: Purve's Est., 196 Pa. 438; Mays v. Patterson, 20 Pa. Superior Ct. 92.

OPINION BY TREXLER, J., March 2, 1923:

The plaintiff, the Auto Security Company, issued a writ of replevin against Mickens and Green to recover possession of an automobile, which it had leased to them. When the sheriff took possession, he found the car in the shop of Harry Chervin, intervening defendant. Chervin had made repairs to the automobile and claimed a lien for the same. He states that before such repairs were made, he had received authority to do so from the Auto Security Company through its president. The jury found in favor of the intervening defendant for the amount of his claim, but the court subsequently entered judgment for the plaintiff n. o. v. "so far as relates to the verdict awarding anything to the intervening defendant." The reason the learned trial judge gave for this action was that he did not think there was sufficient evidence to show that a contract for the repairs was made and that the intervening defendant, who was trading as "The Cayuga Garage and Repair Shop" had not registered as required by the "Fictitious Name" acts.

As to the essentials of proof in regard to contracts of this nature, the law is well established "In order to charge a chattel with this lien, the labor for which the lien is claimed must have been done at the request of the owner or under circumstances from which his assent can be reasonably implied": Meyers v. Bratespiece, 174 Pa. 119; Bankers' Commercial Security Company v. Brennan and Levy, 75 Pa. Superior Ct. 199; Stern v. Sica, 66 Pa. Superior Ct. 84. Measured by this standard, we think the evidence in this case, if believed, was sufficient to support the claim. We quote from the testimony: Q. "What conversation did you have with Oppenheimer and what conversation did he have with you with reference to the making of repairs on this Chandler car, of which the Auto Security Company was the legal owner? A. I asked him whether it was all right to go ahead and do the repairs on the car as they were the owners, and it was financed by them, and we wanted their order before we would go-ahead with it, and he said, 'Yes, it's all right; go ahead.' I said, 'Could you give it to me in writing?' He says, 'No, that's all right, go ahead and do the repairs.' Q. What was said about the charges? A. He said it would be paid when it was fixed. Q. He told you to go ahead with the work? A. Yes." (Cross-examination.) Q. "You said to him that you knew the company had financed the car? A. Yes. Mr. Mickens had told Mr. Chervin that they had financed the car, and I asked whether it was all right to do any repair work, being as they were the owners of the car yet, and we couldn't do anything unless we had orders from them. Q. What did he say? A. He said, 'All right, go ahead with it.' Q. Is that the entire conversation? A. I didn't have much to say to him. I asked him to give it to me in writing, and he said it was all right, and writing was unnecessary. Q. You have given us the entire conversation; is that right? A. Yes." The court held that since the person who held the conversation with the president of the plaintiff company had not given the par-

ticulars or extent of the repairs to be made, the contract was not binding, and as there was no agreement as to what was to be paid for them, the elements of a legal contract were wanting, citing Briggs v. Morris, 244 Pa. 139. We do not think that case has any application to the present. There a bond salesman claimed commission in consideration of services to be rendered. The court held that the contract was not enforceable, as there was nothing to indicate how long the services were to last or when the commissions were earned. Entirely different are the facts presenting themselves in the present case. Here there was a definite subject, the repair of the plaintiff's own automobile. The question of time did not enter into the contract. The price to be paid for the work and materials was what they were worth, that was implied without any specific reference in the contract. Certainly no one would say that if an automobile, not in charge of the owner, were injured and a garage man would inform the owner of the fact and the owner would ask him to repair the car, there could be no recovery for such repairs. Under the decisions, as stated, in order to give the party doing the work a lien, all that is required is the assent of the owner. In Tyson v. Baizley, 35 Pa. Superior Ct. 321, this court speaking through Judge ORLADY, in regard to a contract for the services of a physician, states, "Where a party, knowingly and without objection, permits another to render service for him, the law implies a promise to pay what the service is reasonably worth." In Klopp v. Sternberg, 76 Pa. Superior Ct. 209, a physician was called by telephone to visit the defendant's home, and take charge of her sick daughter, the husband of the daughter being away, the services being rendered at the request of the defendant, his claim was sustained although the husband was the one who would ordinarily be liable for such services. Boston v. Farr, 148 Pa. 220, where the defendant said "You go and get a doctor. Do all you can for the boy. I will see that you get your pay," the verdict for the plaintiff was al-

lowed to stand. The matter seems to be very plain and the experience of all of us is that contracts of this kind are made in numberless instances. The direction from one to another to perform some service, entitles the latter to compensation for the same, and where the person receiving such services is the owner of the chattel upon which the work is to be done, his mere acquiescence is sufficient to bind him. The reason for this is very evident, because he cannot knowingly receive the benefit in the enhancement of the value of his property and then decline to pay for it.

The second ground for the court action in setting aside the verdict was that the intervening defendant had not registered and paid the license fee or fine of $25 to the Commonwealth. The evidence which was elicited by the Auto Security Company and which was received without objection, was to the effect that before the action of replevin was instituted, and of course before the affidavit of defense claiming a lien was filed, the intervening defendant had registered. Whether or not he paid the license fee or fine does not appear. The Act of 10th of May, 1921, P. L. 465, amending the Act of 28th of June, 1917, P. L. 645, provides that no action shall be instituted or recovery had by any person doing business under a fictitious name until the act is complied with, and it further provides that before any person can institute a suit on a cause of action arising prior to the filing of the certificate provided by the act, such person shall pay to the secretary of the Commonwealth a license fee or fine of $25. The act should be construed strictly it being a penal statute: Engle v. Capital Fire Insurance Company, 75 Pa. Superior Ct. 390, 397; Hughes & Dier v. McClure, 77 Pa. Superior Ct. 325. The filing of the claim for the repairs done to the car is not in the usual acceptation of the term a bringing of suit. The claim is against the chattel, a lien for repairs, and is in rem. In Duroth Manufacturing Company v. Cauffiel, 243 Pa. 24, the plaintiff, an unregistered foreign corporation was

allowed to assert its title to its property and enforce its property rights by a suit in replevin although forbidden to institute suit or have recovery under the provisions of the acts requiring foreign corporations doing business within the State, to register.  See also Potter v. Osgood, 79 Pa. Superior Ct. 397.  The fact that the intervening defendant had not registered when the contract was made does not deprive him of his right to maintain his lien, nor does his neglect to register before filing his claim, debar him.  The act was not intended to apply to such situations.

The sixth section of the Act of the 19th day of April, 1901, P. L. 88, provides that the declaration and affidavit of defense as originally filed, or as amended by leave of court, shall constitute the issues under which, without other pleadings, the question of title to, or right of possession of, the goods and chattels as between all the parties shall be determined.  If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, etc.  It would seem that if the plaintiff wishes to deny to the intervening defendant the right to assert title or lien by reason of noncompliance with the "Fictitious Name" acts, he should so state by amending his pleadings, inasmuch as the defendant is not required to prove compliance as part of his case.  See Feldgus v. Friedman, 269 Pa. 60.  Under the above section the pleadings "constitute the issues."

We may add at the risk of belaboring the case that at the trial the plaintiff presented a number of points, the gist of which was that the intervening defendant having done business under a fictitious name and not being registered at the time of the transaction involved in the suit, could not recover.  The court could not affirm these points for the Act of 1921, supra, expressly declares that it shall not affect the validity of contracts, and the points should have been directed not to "the time he did the work," but to the time of the filing of the claim, the affi-

davit of defense, in order to have the matter properly before the court.

The order of court entering judgment against the intervening defendant n. o. v. is reversed, and judgment is now directed to be entered upon the verdict, in favor of Harry Chervin, intervening defendant.