## Greenberg v. Mowrer

*Marshall M. Cohen*, for plaintiff.
*Arnold, Bricker & Beyer*, for defendant.

SCHAEFFER, P. J., May 28, 1948.—In this action of replevin instituted by plaintiff to recover his automobile, a complaint and an answer thereto containing new matter were filed. Plaintiff has filed preliminary objections to defendant's answer.

It is alleged in plaintiff's complaint: "(4) On January 29, 1948, the plaintiff sent the aforementioned automobile to the defendant for the purpose of having the car inspected by the defendant and gave instructions to the defendant not to make any repairs of any kind until the plaintiff was notified of the cost of said repairs and approved the same. (5) On January 29, 1948, the defendant, after receiving the plaintiff's automobile, called the plaintiff and informed him that the cost of repairs would be thirty-five ($35.00) dollars. Thereupon, the plaintiff notified the defendant not to make any repairs whatsoever to the car, and that he would come for his automobile. (6) That the defendant complying with the instructions of the plaintiff, made no repairs whatsoever upon the said automobile of the plaintiff and furthermore did not officially inspect the plaintiff's automobile, nor did he put an inspection sticker on the plaintiff's automobile. (7)

That the defendant in spite of repeated requests of the plaintiff, refused to permit the plaintiff to regain possession of his automobile unless the plaintiff pay to the defendant the sum of seven dollars and ten cents ($7.10), which the plaintiff has refused to pay."

In defendant's answer containing new matter the allegations of paragraph 7 of plaintiff's complaint are denied and it is averred that "plaintiff employed the defendant to ascertain the repairs that would be needed on the plaintiff's car before the inspection could be made and the câr approved. In pursuance to the aforesaid employment, the defendant spent two hours' time on the aforesaid car. The defendant refused to permit the car to leave his garage unless he was paid either for the two hours' time on this car or paid seven dollars and ten cents ($7.10) due him by the plaintiff on a prior bill, in which case, the defendant agreed to waive the time spent on the plaintiff's car."

The small amount of defendant's claim involved in this case seems to indicate that a legal right or invasion thereof is sought to be vindicated. In Hensel et al. v. Noble, 95 Pa. 345, the amount in dispute was about $1.50. However, the court held that the small amount involved should not govern and said:

"Parties have at least an abstract right to try little cases and bring them here for revision. When it is their sovereign pleasure thus to occupy their own time as well as that of the public, it is our duty to hear them as patiently and consider their cases as carefully as if they involved thousands of dollars instead of a few cents."

Plaintiff contends that the defendant's answer shows that defendant has not conferred any benefit or value by any labor or skill upon plaintiff's automobile and, accordingly, has no lien on the automobile. In Bankers' Commercial Security Co., Inc., v. Brennan and Levy, 75 Pa. Superior Ct. 199, an action of replevin was brought to recover an automobile truck upon which a

lien was claimed by reason of repairs to it. At page 202 of the opinion Keller, J., said:

"In our opinion this case is governed by the decision in Meyers & Bro. v. Bratespiece, 174 Pa. 119. It is there held: 'Whenever a workman or artisan by his labor or skill increases the value of the personal property placed in his possession to be improved he has a lien upon it for his proper charges until paid, but in order to charge a chattel with this lien, the labor for which the lien is claimed must have been done at the request of the owner or under circumstances from which his assent can be reasonably implied.' "

In Auto Security Co. v. Mickens et al., 80 Pa. Superior Ct. 462, replevin was brought to recover possession of an automobile upon which there was a claim for repairs as a lien. Trexler, J., in his opinion at page 467 said: . . . "he cannot knowingly receive the benefit in the enhancement of the value of his property and then decline to pay for it." In Blair (to use) v. Adamchick et al., 145 Pa. Superior Ct. 125 (1941), the case of Bankers' Commercial Security Co., Inc., v. Brennan and Levy, 75 Pa. Superior Ct. 199, supra, is cited with approval. The court, at page 128 of the opinion, referred to the plaintiff accepting "benefits of defendant's labor and materials, without paying for them".

Defendant contends that the law as stated in the above decisions is merely dictum and relies upon Steinman v. Wilkins, 7 W. & S. 466; Hoover v. Epler, 52 Pa. 522 and Hensel et al. v. Noble, 95 Pa. 345. However, in the latter case the decision seems to be based upon the fact that the contract for several articles was an entire one, as shown on page 347 of the opinion.

In Saxton v. Gemehl, 72 Pa. Superior Ct. 177 (1919), in an opinion by Porter, J., it is said (p. 180):

"There was a time, early in the history of the common law, when the courts held that in order to entitle a bailee of property to a lien thereon his services must have been of such a character as to add to the value

of the property. . . . Other cases in which it has been held that it is not necessary in order to constitute a valid lien that the services of the bailee shall add to the value of the property are numerous." .

Another question raised is whether defendant had a lien and could hold plaintiff's automobile for work done on a previous occasion for which he has not been paid. The voluntary surrender of possession determines any lien on personal property unless it is surrendered as a result of deception: Macky v. Dillinger, 73 Pa. 85; Young v. Kimball, 23 Pa. 193; A. V. Reinoehl v. The Worcester Organ Co., 6 Lanc. 289. In Firth & Foster Bros. v. Hamill, Assignee, 167 Pa. 382, it is said that where a person not compellable by law to receive bailments gives notice that he will not receive any property for the purpose of his trade or business except on condition that he shall have a lien upon it, not only in respect to the charges arising on the particular goods, but for the general balance of his account for like charges on other goods, a lien will be created on account of such other goods, and all persons who deal with him with the knowledge of such notice, will be deemed to have acceded to that agreement. However, under the pleaded facts in the instant case the last cited decision is not applicable.

Irrespective of the question whether or not the work done increased the value of personal property upon which a lien is claimed, the controlling question in this case is whether the nature of the services rendered as alleged in the pleadings gives rise under the law to a lien. In the absence of an express contract to create a lien, under the common law, statutory law and the decisions, the facts as pleaded do not create a lien in favor of defendant for the time he spent in ascertaining what repairs were necessary without actually making them.

And now, May 28, 1948, the preliminary objections to defendant's answer are sustained. The court deter-

mines that Sol Greenberg, plaintiff, being the party now in possession of the automobile in controversy, a 1933 Dodge Sedan bearing Pennsylvania license no. 4177H (1947), manufacturer's no. 3645784, engine no. PD-72415, has the right to retain possession thereof. The court hereby enters judgment determining such right in favor of Sol Greenberg, plaintiff, and against C. R. Mowrer, defendant.