## Garreth v. Freeman Ford

*Bernard J. Myers, Jr.*, for plaintiff.
*Appel, Ranck, Levy & Appel*, for defendant.

JOHNSTONE, J., May 17, 1957.—In this action in assumpsit plaintiff seeks to recover from defendant the sum of $300 for damage to the block and head of the motor of plaintiff's automobile caused by the freezing of the water in the engine while the same was in defendant's posession. Plaintiff avers that his automobile was in defendant's possession for the purpose of making repairs, and that defendant was notified there was no antifreeze in the cooling system. Plaintiff further avers that defendant permitted the said automobile to remain out of doors in below freezing temperature and as a result the water in the engine froze and cracked the block and head. The cost of repairing the damage to the motor of plaintiff's automobile will be the sum of $300.

Defendant filed an answer in which it is denied that plaintiff's automobile was in his possession for the purpose of making repairs, but only for the purpose of furnishing an estimate of the cost of repairs. Defendant denies that the cracking of the block and head of the motor in plaintiff's automobile was caused by the water freezing while the vehicle was in defendant's possession. It is further averred that all the water was drained from the engine of plaintiff's automobile, and that the block and head of the motor were cracked when the vehicle came into defendant's possession. Defendant also filed a counterclaim for storage of plaintiff's automobile at $2 per day from November 21, 1956, and for his services in making an estimate of the repair cost, and for towing the automobile to defendant's place of business.

Preliminary objections to defendant's counterclaim were filed by plaintiff on the ground that defendant cannot maintain his counterclaim since the fictitious name under which he does business is not registered as required by the Fictitious Names Act.

The Fictitious Names Act of May 24, 1945, P. L.

967, sec. 1, 54 PS §28.1, requires all individuals carrying on a business under an assumed or fictitious name to register the same in the office of the Secretary of the Commonwealth, and in the office of the prothonotary in the county where the principal place of business is located. Section 4 of the act, 54 PS §28.4, provides that the failure to register the name shall not impair or affect the validity of any contract but also provides that no action shall be instituted or recovery had in any of the courts of this Commonwealth until there has been a compliance with the provisions of the act. The question here is whether defendant, assuming he is doing business under an assumed or fictitious name which has not been registered as such, can maintain his counterclaim before complying with the provisions of the Fictitious Names Act.

Counsel for defendant has filed no brief with the court, but it is our recollection that he did not question the necessity of the registration of the name under which defendant is doing busines, and in fact stated the name was in the course of being registered. No case has been called to our attention, nor has our independent research uncovered any, which holds that a defendant cannot maintain a counterclaim under the circumstances as are here present. The case of Sperry Manufacturing Company v. Day, 3 D. & C. 13, is authority for the proposition that a defendant, even though he is not registered as required, can defend himself in court when sued. However, to go one step further and say that a defendant who is not properly registered can maintain a counterclaim against plaintiff is in our opinion contrary to the intent of the statute. There is no doubt that defendant could not have instituted an action against plaintiff and recovered for his storage and other charges: Alleman v. Lowengart, 63 D. & C. 430; Coffin v. Fidelity-Philadelphia Trust Company, 374 Pa. 378. Rule 1031 of

the Pennsylvania Rules of Civil Procedure specifically treats counterclaims as a cause of action. If, as is entirely possible at the trial of this case, plaintiff's claim were to be disallowed and a verdict rendered in favor of defendant on his counterclaim, he would in effect be recovering on a claim which he could not have enforced in the first instance.

At the oral argument, counsel for defendant cited the case of Auto Security Company v. Mickens, 80 Pa. Superior Ct. 462, as authority for the proposition that defendant can maintain his counterclaim in this action. An examination of this case does not confirm defendant's contention since in that case defendant was not registered at the time the transaction took place but was registered when the suit was instituted. The case of Ross v. McMillan, 172 Pa. Superior Ct. 298, also cited by defendant, is not controlling in these circumstances since the court based its decision on the fact that the true identity of plaintiff was admitted by defendant and he was estopped from denying plaintiff's right to sue or recover.

The prohibition in the Fictitious Names Act that no action shall be instituted or recovery had by any person failing to comply with the provisions of the act is clear and, in the opinion of the court, applies not only to plaintiffs who seek to recover a claim when they are not registered, but to defendants who endeavor to maintain a counterclaim in an action brought against them when they are not properly registered. The act does not affect or impair defendant's claim but merely prohibits a recovery on the claim until the provisions of the act have been complied with: Iannuzzo v. Thomas, 68 D. & C. 406.

And now, May 17, 1957, plaintiff's preliminary objections to defendant's counterclaim are sustained, and defendant's counterclaim is stricken from the record.