The Philadelphia National Bank v.
K & G Speed Associates

242

[redacted]

*James C. Brennan*, for plaintiff.

*Charles F. Mayer*, for defendants.

LIPPINCOTT, J., July 25, 1967.—Plaintiff bank financed the purchase of a 1965 Pontiac automobile by one Ottey from an automobile dealer in Chester. Ottey, as owner, delivered the car to defendants or their predecessor, owners of an automobile repair shop, with instructions to convert the engine to a high compression one. According to the pleadings, which we must accept, Ottey further stated that defendants could hold the car until all the work was paid for.

Ottey defaulted in payments under the installment sales contract, and plaintiff instituted an action in replevin to obtain possession of the vehicle from defendants. To the complaint in replevin, defendants have answered and countererclaimed, claiming a lien for work performed and storage. Preliminary objections have been filed to the counterclaim, on the ground that such counterclaim is not the type permitted by Pennsylvania Rule of Civil Procedure 1082(a), which specifically provides that "A claim secured by a lien on the property may be set forth as a counterclaim. No other counterclaim may be asserted".

Initially, the Pennsylvania Rules of Civil Procedure covering actions of replevin clearly permit an artisan's or mechanic's lien to be asserted as a counterclaim. In Jerry Gliden Specialties, Inc. v. Theresa Dress Co., 60 Lack. Jur. 71 (opinion by Eagen, J., now Justice Eagen), a mechanic's lien was attempted to be asserted by defendant in an action in replevin. Prior to the recent amendment of Pa. R. C. P. 1082,

such a lien was asserted under new matter, rather than by counterclaim under the present rule. The court, in referring to Pa. R. C. P. 1082, stated on page 72:

"There is no doubt that an artisan for manufacture or repair has a specific lien on the goods for work performed thereon. . . ."

The Uniform Commercial Code, of April 6, 1953, as amended 12A PS §9-310, also recognizes that a mechanic's lien can be claimed even though a security interest is involved, and gives said lien priority, in the following language:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise".

See also Wilson v. Malenock, 128 Pa. Superior Ct. 544.

Plaintiff argues, however, that an artisan's lien cannot be obtained unless the work performed enhances the value of the automobile, while defendants contend that the value *was* enhanced (in this respect the demurrer may be a "speaking" one). We believe that it is immaterial, in any event, whether the value was increased. As was stated in Saxton v. Gemehl, 72 Pa. Superior Ct. 177, 180:

"There was a time, early in the history of the common law, when the courts held that in order to entitle a bailee of property to a lien thereon his services must have been of such a character as to add to the value of the property. . . . But the courts at an early date evinced a disposition to escape from the narrow confines of the earlier precedents, and it is very clear that the earlier decisions of the English courts have

never been accepted as interpretations of the common law of Pennsylvania. It had been held in England that the agistment of cattle gave no lien, but the contrary has been directly ruled in Pennsylvania: Yearsley v. Gray, 140 Pa. 238. Other cases in which it has been held that it is not necessary in order to constitute a valid lien that the services of the bailee shall add to the value of the property are numerous: Hoover v. Epler, 52 Pa. 522; Rodgers v. Grothe, 58 Pa. 414 . . . we are of opinion that this defendant was entitled to a lien upon the car in the amount of the charges for storage which had accrued down to the time it was taken from his possession under the writ of replevin issued by the plaintiff. There is no doubt that the court below was correct in holding that the defendant had a lien for the value of the repairs which he had made upon the car by direction of the plaintiff. . . ."

Plaintiff cites Stern v. Sica, 66 Pa. Superior Ct. 84, and Bankers' Commercial Security Company, Inc. v. Brennan and Levy, 75 Pa. Superior Ct. 199, as standing for the proposition that an artisan's lien cannot be obtained unless the value of the property is increased. However, we do not believe that these cases so rule; they merely hold that a lien is not applicable when the *owner* does not order the repairs made.

Accordingly, we enter the following:

### ORDER

Now, July 25, 1967, after due consideration by the court en banc of preliminary objections to defendants' counterclaim, following argument and review of briefs, it is ordered and decreed that said preliminary objections be and the same are hereby overruled, and the plaintiff is allowed 20 days from receipt of a copy of this order within which to file an appropriate pleading.